(945 P.2d 8)
No. 77,514

Terry L. Durham, *Appellant*, v. Cessna Aircraft Company, Self-insured, and Kansas Workers Compensation Fund, *Appellees*.

Opinion filed September 12, 1997.

*Stephen J. Jones*, of Law Office of Stephen J. Jones, of Wichita, for the appellant.

*Kirby A. Vernon* and *Christopher J. McCurdy*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, for the appellees.

Before Brazil, C.J., Elliott and Lewis, JJ.

Lewis, J.: Claimant suffered a repetitive use type injury to his shoulder while working for Cessna. The parties agree that the date of the alleged accident was October 27, 1992, and each and every working day thereafter. Claimant instituted this workers compensation action, and the administrative law judge (ALJ) awarded him a 30% impairment of the body as a whole. The Workers Compensation Board (Board) modified the award of the ALJ to a 29.67% impairment to the left upper extremity only. It also found the date of the accident to have been the last day claimant worked prior to surgery, which was July 22, 1993. Claimant appeals from those decisions. We affirm.

Claimant bases part of his argument on what the AMA Guidelines say about the finding of an impairment for pain. He attaches a copy of the applicable Guidelines to his brief. The problem is that these Guidelines were never introduced into evidence and are not part of the record on appeal. Claimant cannot cure this deficiency by attaching the Guidelines to his brief as an appendix. " 'An appellant has the burden to designate a record sufficient to

establish the claimed error. Without an adequate record, an appellant's claim of alleged error fails.' " *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994). Further: " 'Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal.' " *Smith v. Printup*, 254 Kan. 315, 353, 866 P.2d 985 (1993). The record contains no support for claimant's argument concerning the AMA standards.

Claimant next argues that the Board erred in restricting his award to his left upper extremity. We disagree. There is substantial competent evidence in the record to support the findings in this regard.

Three physicians testified as to the extent of claimant's injuries. Two of these physicians limited claimant's disability and impairment to the left extremity. One physician testified in a manner which supports claimant's argument. The Board was required to resolve this conflict in the evidence, and it did so by placing more credibility on the testimony which limited the disability to the left upper extremity. This was the prerogative of the finder of fact, and we will not interfere with that finding.

The final issue deals with the date of injury. If the injury is dated prior to July 1, 1993, claimant's injury will be classified as a general bodily disability. Under the current law, however, which took effect July 1, 1993, the injury is a scheduled injury to the left upper extremity.

The injury suffered by claimant is one caused by repetitive trauma from his job as a sheet metal worker. The record indicates he began to suffer symptoms in October 1992 and that those symptoms became progressively more disabling as time went on.

Despite suffering from pain and other symptoms, claimant lost no work from the injury until July 22, 1993. It was on this date that he was forced to quit work, temporarily, in order to have surgery on his shoulder.

The Board likened his injury to carpal tunnel syndrome and applied the decisions of *Condon v. Boeing Co.*, 21 Kan. App. 2d 580, 903 P.2d 775 (1995), and *Berry v. Boeing Military Airplanes*, 20 Kan. App. 2d 220, 885 P.2d 1261 (1994), in finding that the date of accident was the last date worked by claimant prior to his sur-

gery. Claimant, on the other hand, argues that the date of accident should be October 22, 1992, when he first saw a doctor; June 21, 1993, the date he first saw the surgeon; or June 30, 1993, the date his surgery was scheduled.

We hold that the rule announced in *Berry* controls, and we affirm the Board's decision holding the date of accident to be July 22, 1993. In *Berry*, we established a bright line rule to govern cases of this nature:

"[I]n a carpal tunnel syndrome action, the date from which compensation flows is the last day worked by the claimant. This date will not only simplify the process, it offers the least potential prejudice to future claimants. In establishing this date, we decline to label the condition. It is a condition that lies somewhere in between a personal injury caused by accident and an occupational disease. It has features of both, but best lends itself to a 'last day of work' analysis as the date of injury or occurrence." 20 Kan. App. 2d at 229-30.

*Condon* expanded the *Berry* rule to apply to microtraumas, other than carpal tunnel, caused by repetitive activity.

We believe that the *Berry* rule is applicable here. The claimant continued to work right up until the day before his surgery was scheduled. Indeed, he is still working at Cessna at an accommodated position. He was not required to stop working due to his pain and disability until July 22, 1993, and that is the date of his injury under the *Berry* decision.

Affirmed.