(960 P.2d 768)
No. 78,676

DONALD E. ANDERSON, *Claimant/Appellee*, v. THE BOEING COMPANY and KEMPER INSURANCE COMPANY, *Respondent and Insurance Carrier/Appellants*, v. AETNA CASUALTY & SURETY COMPANY, *Insurance Carrier/Appellee*, and KANSAS WORKERS COMPENSATION FUND.

Opinion filed June 12, 1998.

*Frederick L. Haag*, of Foulston & Siefkin, L.L.P., of Wichita, for appellants.

*David M. Druten*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellee Aetna Casualty & Surety Company.

*Michael L. Snider*, of Snider & Seiwert, L.L.C., of Wichita, for appellee Donald E. Anderson.

Before PIERRON, P.J., LEWIS, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

LEWIS, J.: Claimant was determined to be 100% disabled as a result of work-connected bilateral carpal tunnel syndrome. Claimant's injury and his award are not issues on appeal. Instead, we have two insurance companies, each of whom insured respondent Boeing for different periods of time. The question is which company should pay claimant's compensation.

We point out that claimant filed a brief in this case, making certain arguments. However, he did not file a notice of appeal or cross-appeal. As a result, we have no jurisdiction to consider his arguments and do not reach the arguments he attempts to raise in his brief.

The real issue on appeal is the date of claimant's accident. If the accident occurred prior to January 1, 1994, it happened on Aetna's watch, and that company is responsible. If it happened on January 1, 1994, or after, then it was on Kemper's watch, and Kemper is responsible. It is interesting to note that Kemper has not filed a brief arguing that the Board's decision as to the date of the accident was incorrect.

As we have indicated in earlier opinions, it is almost impossible to determine the precise date of an accident where the condition is carpal tunnel syndrome. As a result of that difficulty and after wrestling with the problem for a number of years, we adopted a "bright line" test in *Berry v. Boeing Military Airplanes*, 20 Kan. App. 2d 220, 885 P.2d 1261 (1994). The test is set out in Syl. ¶ 3 of that opinion as follows:

"The date of accident or date of occurrence in a workers compensation action involving carpal tunnel syndrome is the last day on which a claimant performs services for his or her employer and is required to stop working as a direct result of the claimant's pain and disability resulting from carpal tunnel syndrome."

On pages 227-28 of the opinion, we elaborated as follows:

"Our analysis to this point has demonstrated the complexities in fixing the 'date of injury' or 'date of occurrence' in a carpal tunnel syndrome case. We hold that the claimant's date of injury as to his left wrist and as to his bilateral carpal tunnel condition will be the same—the last day he worked for respondent. This offers simplicity and establishes uniformity in the process in dealing with carpal tunnel syndrome cases. It also eliminates the problem of sorting out a scheduled injury from an injury which has caused permanent partial general disability. Since the disability is to be computed from the last day of work, we have one injury, that being a bilateral carpal tunnel injury, and only one injury on which to determine claimant's disability.

"In the final analysis, whether carpal tunnel syndrome is a personal injury caused by accident or an occupational disease is nothing more than an interesting issue of semantics. We conclude that we need not decide that question. The key to resolving the issues on this appeal is to fix the date from whence compensation is to be computed. It does not seem to us to be essential to decide whether carpal tunnel syndrome is a 'personal injury caused by accident' or an 'occupational disease.' Our goal is to establish a bright line rule on which to fix the 'date of injury' or 'date of occurrence.' "

*Berry* was good law at the time, and it still is. In this case, the administrative law judge (ALJ) fixed the date of accident at July

22, 1993, which placed the liability on Aetna. The Workers Compensation Board reversed the ALJ's holding and held, in accordance with *Berry*, that the date of accident was August 31, 1995, the last day worked by claimant. This finding places the liability for insurance coverage on Kemper.

We affirm the decision of the Board to apply the bright line rule in *Berry*.

Appellants seek to alter the bright line rule of *Berry* by citing *Condon v. Boeing Co.*, 21 Kan. App. 2d 580, 903 P.2d 775 (1995). *Condon* is simply not controlling on the facts shown. That case involved a micro-trauma situation where the last day of work was the result of a general layoff. In this case, claimant was required to quit his job on August 31, 1995, due to his bilateral carpal tunnel syndrome and on the advice of his physician. *Berry* requires that the last day of work be applied in a case of this nature, and the Board did not err in doing so.

We fail to see why the rule laid down in *Berry* should not be applied equally in a case where the dispute is over coverage between two insurance companies. The actual date of injury is very difficult to pinpoint in these cases, but the last day of work is not. This case is controlled by *Berry*.

Affirmed.