No. 89,214

ETHEL M. KIMBROUGH, *Claimant/Appellee*, v. THE UNIVERSITY OF KANSAS MEDICAL CENTER, *Respondent/Appellant*, and KEMPER INSURANCE COMPANY and SUPERIOR NATIONAL INSURANCE GROUP c/o WESTERN GUARANTEE FUND, *Insurance Carriers/Appellees*, and ROYAL & SUNALLIANCE, *Insurance Carrier/Appellant*.

(79 P.3d 1289)

Opinion filed December 12, 2003.

*W. Greg Wright*, of Hill, Beam-Ward, Kruse & Wilson, LLC, of Overland Park, argued the cause, and *Thomas R. Hill*, of the same firm, was with him on the briefs for appellants University of Kansas Medical Center and Royal & Sun-Alliance.

*Dennis L. Horner*, of Horner and Duckers, Chartered, of Kansas City, argued the cause and was on the brief for appellee Ethel M. Kimbrough.

*Michelle Daum Haskins*, of Evans & Dixon, L.L.C., of Kansas City, Missouri, argued the cause and was on the brief for appellee Kemper Insurance Company.

*Matthew J. Stretz*, of Fox, Stretz, & Quinn, P.C., of Kansas City, Missouri, argued the cause, and *Patricia A. Wohlford*, of the same firm, was with him on the brief for appellee Superior National Insurance Group c/o Western Guarantee Fund.

The opinion of the court was delivered by

GERNON, J.: The University of Kansas Medical Center (KUMC) and its insurer, Royal & SunAlliance, have filed a petition for re-

view of the Court of Appeals' decision establishing the workers compensation date of injury for a carpal tunnel claim.

Ethel Kimbrough worked at KUMC continuously since 1969. In 1998, she began medical care for pain with her hands and was diagnosed with bilateral carpal tunnel syndrome.

Kimbrough filed a workers compensation claim and an application for hearing on February 3, 2000. The regular hearing occurred on March 29, 2001. Three different insurance carriers insured KUMC for different periods of time from 1998 to the date of the hearing; thus, the date of injury determines which of the three carriers is responsible for coverage.

The administrative law judge (ALJ) found that Kimbrough sustained accidental bilateral carpal tunnel injuries to both arms in the course of her employment. The ALJ further found that Kimbrough continued to work for KUMC in the same job with the same activities that caused her injuries. Based on these findings, the ALJ determined the date of injury to be March 27, 2001, the last day Kimbrough worked prior to the hearing.

KUMC and its insurance carrier at the time of Kimbrough's date of injury, Royal & SunAlliance, appealed the ALJ's decision to the Workers Compensation Board (Board). The Board affirmed the ALJ's findings and conclusions regarding the date of injury.

KUMC and Royal & SunAlliance appealed the Board's decision to the Court of Appeals. The Court of Appeals affirmed the Board's decision, holding that the date of injury is the last day the claimant worked prior to the hearing. *Kimbrough v. University of Kansas Medical Center*, No. 89,214, unpublished opinion filed April 4, 2003. We agree.

KUMC and Royal & SunAlliance (hereinafter referred to jointly as KUMC) have petitioned for review of the Court of Appeals' decision, raising only the issue of the date of injury.

KUMC argues that the Court of Appeals and the Board have erroneously established Kimbrough's last day of work before the hearing as the date of her injury. KUMC asserts that the date of injury should be the date when Kimbrough informed the treating physician of her injuries.

Appeals from the Workers Compensation Board are subject to review under the provisions of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* K.S.A. 2002 Supp. 44-556(a). The scope of review under the KJRA is limited to questions of law. K.S.A. 2002 Supp. 44-556(a). This court's review is limited to considering whether the Board erroneously interpreted or applied the law, whether the Board's decision is supported by substantial competent evidence in light of the whole record, or whether the Board's decision is unreasonable, arbitrary, or capricious. K.S.A. 77-621(c)(4), (7), and (8). *Treaster v. Dillon Companies, Inc.*, 267 Kan. 610, 615-16, 987 P.2d 325 (1999). Whether the Board's decision is supported by substantial competent evidence is a question of law. *Treaster*, 267 Kan. at 616.

Kansas appellate courts have established a bright line rule for identifying the date of injury in a repetitive, micro-trauma situation like carpal tunnel. The date of injury is the last day worked. *Treaster*, 267 Kan. at 616-18; *Lott-Edwards v. Americold Corp.*, 27 Kan. App. 2d 689, 693-94, 6 P.3d 947 (2000); *Anderson v. Boeing Co.*, 25 Kan. App. 2d 220, 221-22, 960 P.2d 768 (1998); *Durham v. Cessna Aircraft Co.*, 24 Kan. App. 2d 334, 336, 945 P.2d 8 (1997); *Berry v. Boeing Military Airplanes*, 20 Kan. App. 2d 220, 229-30, 885 P.2d 1261 (1994). The Court of Appeals applied the bright line rule in this case to uphold the Board's decision.

In *Lott-Edwards*, *Anderson*, and *Berry*, the claimants were all forced to terminate their employment due to the injuries sustained by the micro-trauma. *Lott-Edwards*, 27 Kan. App. 2d at 693; *Anderson*, 25 Kan. App. 2d at 222; *Berry*, 20 Kan. App. 2d at 221 (noting that claimant was fired for failing to work the increased hours in an accommodated position). In these cases, the bright line rule is clearly applied.

However, in *Treaster* and *Durham*, the claimants did not terminate their employment but accepted accommodated positions that were significantly different than those that caused the micro-trauma. Nevertheless, the court applied the *Berry* rule, determing that the last day worked is the claimant's last day on the job that caused the injuries. *Treaster*, 267 Kan. at 624; *Durham*, 24 Kan.

App. 2d at 335-36. The *Treaster* court specifically approved the *Berry, Durham,* and *Anderson* opinions and stated:

"We do not limit *Berry* to only situations where the claimant could no longer continue his or her employment because of medical conditions. The expected result of *Berry* was for workers to be allowed the latest possible date for their claim period to begin, not for claimants and respondents to try to pick a date of accident or occurrence that best serves their financial purposes." 267 Kan. at 623.

Although this case presents a different factual situation than those previously addressed, we conclude that the bright line rule established by those cases should be applied to the facts in this case.

The parties do not dispute that Kimbrough continued to work in the position that caused her injuries through the administrative hearing. Establishing the date of injury in this case as the last day Kimbrough worked prior to the hearing accords with the *Treaster* court's statement that the *Berry* rule was intended to allow the latest possible date for the claim. *Treaster,* 267 Kan. at 623. However, using another date as the date of injury erodes the bright line rule established by *Berry.* This court has specifically disapproved of attempts to erode the *Berry* rule. *Treaster,* 267 Kan. at 624. In addition to reinforcing the bright line *Berry* rule, establishing the last day worked before the hearing as the date of injury does not penalize the claimant for continuing to work in spite of the pain or difficulty caused by the injuries.

KUMC relies solely on *Condon v. Boeing Co.,* 21 Kan. App. 2d 580, 903 P.2d 775 (1995), for its proposition that the date of injury should be the date that Kimbrough informed the treating physician of her injuries. KUMC's reliance on *Condon* ignores this court's disapproval of that decision in *Treaster,* 267 Kan. at 624. The *Treaster* court specifically concluded that the *Condon* decision should be limited to its facts and not used to erode the bright line rule established by *Berry. Treaster,* 267 Kan. at 620.

The facts in this case differ from those in *Condon,* where the claimant was laid off for reasons other than her carpal tunnel injuries. Accordingly, *Condon* provides no precedential value for resolving this case. KUMC cites no other authority for its proposition

that the *Berry* rule should be altered simply because a claimant continues to work in the position that caused his or her injuries.

KUMC further argues that using the last day worked before the hearing could prejudice the employer's insurance carrier if the insurance carrier did not insure the employer when the claimant first made the claim. This argument has no merit. The employer is entitled to notice and receipt of a written claim, not the insurance carrier. K.S.A. 44-520; K.S.A. 44-520a. "[T]he insurance carrier has no separate right of procedural due process flowing from provisions of the Workers Compensation Act." *Lott-Edwards*, 27 Kan. App. 2d at 697.

Applying the *Berry* rule to the facts of this case, the date of injury is the last day worked prior to Kimbrough's hearing date. The Board and the Court of Appeals properly applied *Berry* and its progeny to the factual situation presented by this case. Because Kimbrough's continued employment in the position that caused her injuries is not in dispute, there is no basis for concluding that the Board's decision is not based on substantial competent evidence or that it is unreasonable, arbitrary, or capricious.

Affirmed.

BEIER, J., not participating.

BRAZIL, S.J., assigned█