**BUILDING MATERIALS COR-PORATION d/b/a GAF Materials Corporation**

v.

**Melvin D. BRITT.**

Supreme Court of Tennessee, at Nashville.

Oct. 4, 2006 Session.

Jan. 24, 2007.

Ann Buntin Steiner, Nashville, Tennessee, for the appellant, Melvin D. Britt.

James H. Tucker, Jr., Nashville, Tennessee, for the appellee, Building Materials Corporation of America d/b/a GAF Materials Corporation.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., GARY R. WADE, J., and ADOLPHO A. BIRCH, JR., Sp.J., joined.

The sole issue in this workers' compensation action is whether the employee's claim for benefits is barred by the statute of limitations. In 1997, the employee reported to his employer that he had sustained a work-related back injury, but he did not file a claim for workers' compensation benefits at that time. The employee's back pain improved following conservative treatment. In August of 2001, however, the employee informed his employer that his back pain was becoming worse. In February 2002, the employee filed a complaint seeking permanent partial disability benefits. At trial, the trial court granted the employer's motion for involuntary dismissal, holding that the employee's claim was barred by the statute of limitations because it was not made within one year of his original back injury in 1997. Based upon the last-day-worked rule, the Special Workers' Compensation Appeals Panel concluded that the employee's claim is not barred by the statute of limitations. Upon due consideration, we hold that the claim in this matter is not time-barred by the statute of limitations set forth in Tennessee Code Annotated section 50–6–203 because the statute does not begin to run until the employee is prevented from working due to the employee's injury. To the extent that our opinion in *Bone v. Saturn Corp.*, 148 S.W.3d 69, 73 (Tenn. 2004), compels a contrary result by its abandonment of the last-day-worked rule

in determining a similar but related issue, it is overruled. Therefore, we reverse the trial court's dismissal of this case and remand this case to the trial court for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

In 1985, the employee, Melvin D. Britt ("Britt"), began working for the employer, Building Materials Corporation d/b/a GAF Materials Corporation ("GAF"), located in Davidson County, Tennessee. Britt testified that in 1996 he began having back pain that continued into 1997. Based upon a discussion with his personal physician, Britt came to believe that his back pain was related to his job duties at GAF. On April 27, 1997, Britt reported to GAF that he had sustained a work-related back injury on or about March 25, 1997. GAF approved medical treatment for Britt's back pain, and Britt was treated for acute lumbar strain. His back pain improved following conservative treatment, and he did not miss any time from work. Britt did not file a claim for workers' compensation benefits at that time.

Britt testified that in late 1999 and in 2000, his back pain began to extend down his leg. Despite the increase in pain, Britt did not miss any time from work. In August of 2001, however, Britt informed his supervisor and the personnel manager at GAF that his back pain was becoming

worse. The personnel manager contacted GAF's workers' compensation benefits representative, who said that the statute of limitations had run with regard to the back injury Britt had reported in 1997. Britt then spoke with the plant manager, who also said that the workers' compensation statute of limitations period had expired.

In November 2001, not long after Britt's discussions with GAF's management about his worsening back pain, GAF filed suit in the Chancery Court for Davidson County.[1] GAF apparently took no steps to serve Britt with the complaint until Britt, a Sumner County, Tennessee resident, filed a complaint in the Sumner County Circuit Court on February 20, 2002.[2] GAF then served Britt with its complaint on May 29, 2002. Because GAF's lawsuit was filed first, the case proceeded in Davidson County Chancery Court. Britt filed an answer and counterclaim alleging a gradual injury to his back and seeking permanent partial disability benefits.

In 2002, Britt's pain increased to the point that he was in constant pain. Britt's attorney sent a letter to GAF's counsel asking that GAF offer a panel of physicians. GAF furnished a panel of three physicians, and Britt chose to consult Dr. Michael Ladoucer. Britt was treated by Dr. Ladoucer from July 2002 through January 2003. In January 2003, Dr. Ladoucer released Britt from treatment and as-

---

1. Tennessee Code Annotated section 50–6–225(a)(2) provides that either the employee or the employer may file suit in the case of a dispute over or failure to agree upon compensation under the Workers' Compensation Law. Because we resolve the statute of limitations issue by application of the last-day-worked rule, we do not address the effect, if any, of the employer's suit on the computation of the statute of limitations.

2. We note that Rule 4.01(3) of the Tennessee Rules of Civil Procedure now provides: "If a plaintiff or counsel for plaintiff (including

third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective." This provision did not take effect until July 1, 2004, which was after the pending complaint was filed, and it therefore does not apply to this case. The rule, however, now effectively bars a "secret" suit filed by an employer but intentionally not served on the employee unless and until the employee also files suit.

signed a 5% impairment rating. Throughout his treatment with Dr. Ladoucer, Britt continued to work.

In January 2004, Britt was referred by his family physician to Dr. Rex Arrendall, a neurosurgeon. Dr. Arrendall diagnosed a herniated disc at the L–4/L–5 level and ultimately recommended a lumbar laminectomy. Surgery was performed on March 31, 2004, which was the first day Britt missed work due to his back problems. Dr. Arrendall released Britt to return to work on June 11, 2004, with no restrictions. Dr. Arrendall testified that the date of maximum medical improvement was June 11, 2004, and gave an impairment rating of 13% to the body as a whole. Britt was still working for GAF at the time of the trial in this matter in October 2004.

Dr. Arendall was the only medical expert to testify in this case. In his deposition, Dr. Arendall testified that Britt's back injury was work-related. Dr. Arendall also stated unequivocally that Britt's 2004 injury was a gradual, progressive injury, not an aggravation of the 1997 injury. GAF attempted to show through Britt's testimony and the testimony of other lay witnesses that Britt was very active in athletic pursuits and that his back injury could have resulted from those activities.

Although GAF filed its complaint first, the burden of proof remains upon the employee. Following Britt's case-in-chief, GAF moved for a directed verdict, arguing that Britt's workers' compensation claim was barred by the statute of limitations because his claim was not made within one

year of his original back injury in 1997. Noting that the motion was actually a motion for involuntary dismissal under Rule 41 of the Tennessee Rules of Civil Procedure as opposed to a motion for directed verdict, the trial court granted the motion, finding that Britt's claim was barred by the statute of limitations. The trial court did not make any alternative findings concerning causation or the extent of permanent partial disability. Instead, the trial court found that "Dr. Arendall's deposition is not sufficient, and the causation I have heard has not been demonstrated enough for me to make [findings of fact regarding the relief to which Britt would be entitled]."

The Special Workers' Compensation Appeals Panel determined that Britt's back injury was a gradual injury and that the last-day-worked rule applies to this case. Based upon the last-day-worked rule, the Panel concluded that Britt's workers' compensation claim was not barred by the applicable one-year statute of limitations. The Panel therefore reversed the trial court's judgment and remanded for further proceedings. We granted review.

## II. Analysis

The issue on appeal is whether the trial court properly granted GAF"s motion for involuntary dismissal, finding that the statute of limitations set forth in Tennessee Code Annotated section 50–6–203 [3] bars Britt from filing a workers' compensation claim for his back injury. Rule 41.02 of the Tennessee Rules of Civil Procedure governs involuntary dismissals. [4]

---

3. The one-year statute of limitations for workers' compensation injuries now appears at Tennessee Code Annotated section 50–6–203(g)(2) (2006).

4. Rule 41.02(2) of the Tennessee Rules of Civil Procedure provides:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the

When a motion to dismiss is made at the close of a plaintiff's proof in a non-jury case, the trial court must impartially weigh the evidence as though it were making findings of fact and conclusions of law after all the evidence has been presented. *See City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d 734, 740 (Tenn.1977). If a plaintiff's case has not been established by a preponderance of the evidence, then the case should be dismissed if the plaintiff has shown no right to relief on the facts found and the applicable law. *Id.; Atkins v. Kirkpatrick*, 823 S.W.2d 547, 552 (Tenn. Ct.App.1991). The standard of review of a trial court's decision to grant a Rule 41.02 involuntary dismissal is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure.[5] *Atkins*, 823 S.W.2d at 552. The involuntary dismissal in this case was based upon the trial court's determination of the statute of limitations, which is a question of law. Conclusions of law are subject to de novo review with no presumption of correctness. *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 825 (Tenn.2003).

 Tennessee Code Annotated section 50–6–203 provides that a claim for workers' compensation benefits must be filed within one year after the occurrence of an injury or within one year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee. In the case of a gradually occurring injury, the last-day-worked rule is used to help identify a date on which the injury occurred. *See Lawson v. Lear Seating Corp.*, 944 S.W.2d 340, 341–42 (Tenn.1997); *Barker v. Home–Crest Corp.*, 805 S.W.2d 373, 375 (Tenn.1991). The last-day-worked rule therefore prevents workers with gradually occurring injuries from losing the opportunity to bring workers' compensation claims due to the running of the statute of limitations. Britt argues that because his back injury is a gradually occurring injury, the statute of limitations commences on the first day he missed work due to his injury.

In *Barker*, when the employee's pain began, she was initially referred to a physician and missed no time from work. She was subsequently diagnosed with carpal tunnel syndrome but continued to work. She later had surgery and could not continue working. We determined the date of injury by using the "last-day-worked rule," holding that the employee had a gradually occurring injury and that the date of her injury was the date that the injury prevented her from working. *Barker*, 805 S.W.2d at 376. Therefore, the insurer who had coverage when she last worked was liable for the payment of workers' compensation benefits. *Id.*

plaintiff has shown no right to relief. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all evidence; in the event judgment is rendered at the close of plaintiff's evidence, the court shall make findings of fact if requested in writing within three (3) days after the announcement of the court's decision.

**5.** Rule 13(d) of the Tennessee Rules of Appellate Procedure provides, in pertinent part:
Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.
We conclude that this standard of review is identical to the standard of review provided for workers' compensation cases, which is set forth in Tennessee Code Annotated section 50–6–225(e)(2).

In *Lawson*, the last-day-worked rule was used to establish the date on which the statute of limitations began to run. 944 S.W.2d at 343. The employee in *Lawson* gave notice to her employer of problems with her hands and was rotated to different jobs. She underwent treatment at that time but, like Britt, she continued to work. This Court cited with approval cases from other jurisdictions that conclude that the date of injury for a gradually occurring injury is the last day worked. *Id.* at 341–42. Thus we held that the statute of limitations for filing a workers' compensation claim did not begin to run until the date the employee was unable to work due to her injuries. *Id.* at 343.

Because gradually occurring injuries are a new injury each day, as we describe in *Lawson* and *Barker*, it is unfair to start the running of the statute of limitations on the date the injury was first reported if the employee continues to work after having given notice of his injury. *See Lawson*, 944 S.W.2d at 342; *Barker*, 805 S.W.2d at 376 (observing that new trauma was caused by the repetitive movements of the employee's hands each day at work). If the rule were otherwise, the employee would have less incentive to provide notice to the employer. Notice provides the employer with an opportunity to provide a panel of physicians and to monitor the employee's medical progress, while affording medical benefits to the employee.

■ Moreover, if Britt had filed a workers' compensation claim in 1997, when he first gave notice of his work-related injury, he would have received limited benefits due to the minor nature of his injury at that time. It would be unjust to bar Britt from collecting permanent disability benefits when his injury progressed to the point of permanent injury simply because he first reported the work-related nature of his injury years earlier. To hold otherwise would create a potential trap, forcing an employee like Britt to submit a claim before he is actually disabled, or, if he waits, barring his claim for compensation due to the running of the statute of limitations. Such a result is clearly inconsistent with both the spirit and purpose of the workers' compensation system. As we stated in *Lawson* and *Barker*, the statute of limitations for repetitive trauma injuries commences to run on the last day worked. *Lawson*, 944 S.W.2d at 343; *Barker*, 805 S.W.2d at 375. Consistent with our holdings in *Lawson* and *Barker*, we conclude that the statute of limitations for Britt's injury does not start to run until he is prevented from working due to his back injury. Therefore, the trial court erred in granting the involuntary dismissal on the ground that the statute of limitations barred Britt's claim.

In *Bone v. Saturn Corp.*, 148 S.W.3d 69, 71 (Tenn.2004), we also addressed a situation in which an employee gave notice of a gradually occurring injury prior to missing work on account of her injury. The employee in *Bone* first reported her injury to her employer in 1997. She continued working while undergoing conservative treatment. Her condition failed to improve, and she had surgery on May 25, 2001, which was the first day she was prevented from working due to her injury. We held that the last-day-worked rule is inapplicable in determining an employee's compensation rate if the employee previously gave notice of a gradually occurring injury prior to time missing work. *Bone*, 148 S.W.3d at 74. In later decisions, we relied upon *Bone*, noting that the last-day-worked rule does not apply to situations in which an employee provides actual notice of a gradually occurring injury to the employer. *See Barnett v. Earthworks Unlimited, Inc.*, 197 S.W.3d 716, 720–22 (Tenn.2006) (reciting the rule in *Bone* but

applying the last-day-worked rule because the employee's oral notice to his employer did not constitute notice as contemplated by the Workers' Compensation Law); *Mahoney v. NationsBank of Tenn.*, 158 S.W.3d 340, 345 (Tenn.2005) (using the date of notice of injury to determine whether the current or former employer was liable for the employee's benefits).

 At the time we decided *Bone*, we were persuaded that a retreat from the bright line last-day-worked rule established in *Barker* and *Lawson* was appropriate. After further consideration and application of the *Bone* rule, however, we are convinced that the "first notice" rule we announced in *Bone* is unfair in its application and conflicts with the purposes of our Workers' Compensation Law. The last-day-worked rule is consistent with the requirement that we liberally construe the Workers' Compensation Law in order to secure benefits for injured workers. *See Martin v. Lear Corp.*, 90 S.W.3d 626, 629 (Tenn.2002). Furthermore, the last-day-worked rule is consistent with the "last injurious injury" rule, which provides that in determining which of two successive insurers is liable in a workers' compensation case, the insurer at the time of the employee's last injurious exposure is liable for the injury. *See, e.g., Mahoney*, 158 S.W.3d at 346 (pointing out that the last-injurious-injury rule applies in cases concerning gradually occurring injuries); *Falcon v. Gaylord Entm't Co.*, No. M2000–02948–WC–R3–CV, 2001 WL 1557801, at *2 (Tenn.Workers Comp.Panel Dec.4, 2001) (holding that the last injurious injury rule is applicable to gradually occurring

injuries and that therefore the employer for whom the employee was working at the time he was last injuriously exposed to repetitive trauma is liable for compensation benefits under the Workers' Compensation Law); *Wood v. Porter Cable Corp.*, No. W2000–01771–WC–R3–CV, 2001 WL 987148, at *5 (Tenn. Workers' Comp. Panel Aug. 20, 2001) (relying upon the last injurious injury rule and stating that "[a] successive employer may become liable for a plaintiff's carpal tunnel syndrome, even though the symptoms of such injury may have begun while employed at another or with another employer").

 We now hold that the better-reasoned view is that the date of an employee's gradually occurring injury should be determined using the last-day worked rule.[6] To the extent that *Bone* and its progeny hold otherwise, they are hereby overruled.

 Finally, we note that the trial court granted the motion for involuntary dismissal prior to the close of Britt's proof and did not make alternative findings regarding the relief to which Britt is entitled. An involuntary dismissal at the close of the plaintiff's proof in a workers' compensation case is seldom appropriate. *See Cunningham v. Shelton Sec. Serv., Inc.*, 46 S.W.3d 131, 137 (Tenn.2001). For the purpose of appellate review, the trial court should hear the entire case and make appropriate findings of fact and alternative findings when possible. *Id.* at 137–38. If the trial court has erred in granting an involuntary dismissal, the appellate court can then consider the alternate findings and possibly

6. We note with interest that Kansas, which established a bright line last-day-worked rule in *Berry v. Boeing Military Airplanes*, 20 Kan. App.2d 220, 885 P.2d 1261 (1994), retreated from the certainty of this rule in a series of cases and then reaffirmed the bright line last-day-worked rule. *See Kimbrough v. Univ. of Kan. Med. Ctr.*, 276 Kan. 853, 79 P.3d 1289, 1291–92 (2003) (noting that the Supreme Court of Kansas has specifically disapproved of attempts to erode the bright line last-day-worked rule) (citing *Treaster v. Dillon Cos., Inc.*, 267 Kan. 610, 987 P.2d 325 (1999)).

conclude the matter by entering a judgment without remanding. Workers' compensation cases must be expedited and given priority on the trial and appellate dockets. Tenn.Code Ann. § 50–6–225(f) (Supp.2006). By making alternate findings a trial court may thereby assist in avoiding a delay that can be economically devastating to an injured employee.

### III. Conclusion

We hold that this cause is not barred by the statute of limitations set forth in Tennessee Code Annotated section 50–6–203. We therefore reverse the trial court's dismissal of this case, and we remand this case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Building Materials Corporation d/b/a GAF Materials Corporation, and its surety, for which execution may issue if necessary.