**FILED**

**November 16, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:15 AM**



### TENNESSE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | |
|---|---|
| Billy Gentry,<br>　　　　Employee, | ) Docket No.: 2016-01-0268 |
| v. | ) |
| Purdy Brothers Trucking,<br>　　　　Employer, | ) State File No.: 84117-2015 |
| And | ) |
| Midwest Employers Casualty. | ) Judge Audrey A. Headrick |
| | ) |

## EXPEDITED HEARING ORDER

This matter came before the Court on October 31, 2016, on a Request for Expedited Hearing filed by Billy Gentry pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether Mr. Gentry is likely to prevail at a hearing on the merits that he sustained a right-knee injury arising primarily out of and in the course and scope of his employment with Purdy Brothers. If so, the question turns to whether he is entitled to medical and temporary disability benefits. For the reasons set forth below, the Court holds Mr. Gentry is not likely to prevail at a hearing on the merits in proving his right-knee injury arose primarily out of and in the course and scope of his employment.[1]

### History of Claim

In this case, Mr. Gentry, an over-the-road truck driver, sustained a right-knee injury when he stepped in a hole and twisted his knee while walking around inspecting trailers. (Ex. 5.) According to the Petition for Benefit Determination (PBD) and Mr. Gentry's affidavit, he stated the accident occurred on March 24, 2015.

At the Expedited Hearing, the proof focused on when Mr. Gentry reported the right-knee injury, and when and how it occurred. Regarding Mr. Gentry reporting his injury, he testified he told Charles "Chuck" Salyer, his driver manager, on March 24.

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

1

However, Mr. Gentry acknowledged he did not actually tell him about his knee. Mr. Salyer testified Mr. Gentry never reported a knee injury to him. Mr. Gentry also stated he told Deb Ferguson, Purdy Brothers' insurance coordinator, he injured his knee on the day he was hurt. In her affidavit, Ms. Ferguson stated the first time that Mr. Gentry mentioned his knee to her was on October 16, 2015. (Ex. 7.)

As to when his injury occurred, Mr. Gentry was adamant that he injured his right knee on March 24. He testified he hurt his right knee at 3:00 a.m. and then later that day hurt his right arm.[2] Ms. Ferguson testified he told her on October 16, that he injured his right knee on April 24, when he was inspecting a trailer and slid in gravel. *Id.* To prove the date of his knee injury, Mr. Gentry produced and played a secretly recorded conversation he had with Ms. Ferguson. Although he stated his phone "automatically records" conversations, the recording began with the sound of a door shutting before the call connected. Mr. Gentry stated the conversation occurred sometime between March and July prior to the October 28 denial of his claim. (Ex. 8.) However, Mr. Gentry and Ms. Ferguson wished each other a "Happy Thanksgiving" during the call. During the call, Mr. Gentry told Ms. Ferguson she had given Mr. Richardson the wrong date for his knee injury because he hurt his knee in March.

Mr. Gentry also played a secretly recorded conversation he had with Rodney Richardson, a claims specialist for Purdy Brothers' third-party administrator, which occurred after he received the October 28 denial of his claim. (Ex. 8.) During the call, Mr. Richardson reminded Mr. Gentry he had previously told him during his October 26 recorded statement that he was hurt on April 24.[3] (Ex. 6.) Mr. Richardson told Mr. Gentry that Purdy Brothers records indicated he was not working on April 24. The recording reflects that Mr. Gentry agreed with Mr. Richardson stating, "That was the day I got hurt, yeah." Further, the affidavit of Ms. Ferguson indicates Mr. Gentry was not working on April 24, because he was receiving temporary total disability benefits for his March 24 right-arm injury. (Ex. 7.)

There was also proof that addressed how Mr. Gentry's right-knee injury occurred. When Mr. Gentry provided a recorded statement to Mr. Richardson, he stated he was walking around a trailer, stepped into a hole, and twisted his right leg. (Ex. 6.) When he reported the knee injury to Ms. Ferguson on October 16, he told her he was inspecting a trailer and slid in the gravel, straining his knee. (Ex. 7.)

---

[2] Mr. Gentry previously settled his right-elbow injury sustained on March 24.

[3] During the recorded statement, Mr. Gentry stated he had written down the date of his injury and stated it was the "last of April, the 24th of [sic] 25th." *Id.* He initially stated the injury occurred at "10:00, 11 o'clock" in the morning. *Id.* Later, he indicated the injury occurred at 4:00 a.m. when it was dark and raining. *Id.*

2

The medical records reflect that Mr. Gentry first complained of a right-knee problem on July 21, when he saw Dr. Sigrid Johnson at Sweetwater Family Medicine.[4] (Ex. 1.) He complained of knee pain and swelling but did not mention an injury. He next complained of a knee problem on August 10, when he saw Dr. Shane Asbury, his authorized physician for his March 24 right-elbow injury. Dr. Asbury noted that his complaint of right-knee swelling "[o]ver the past month" was "not related to his Workers' comp. claim." (Ex. 2.) He also noted Mr. Gentry "has no injuries to this knee." *Id.* Dr. Asbury ultimately diagnosed Mr. Gentry with a medial meniscus tear and performed surgery in August, noting he had a "several week history of mechanical symptoms in the right knee after a twisting injury." *Id.* The following month, Mr. Gentry told his physical therapist he injured his knee getting out of a chair in March. (Ex. 3.) Mr. Gentry disputed the physical therapy record and stated he told them when and how he injured his knee at work.

Mr. Gentry seeks medical benefits and temporary disability benefits for his right-knee condition. He argued he hurt his knee at work on March 24, 2015. Although Mr. Gentry acknowledged that there were "some dates messed up on the time of the injury," he was confident that the taped conversations established he injured his knee on March 24.

Purdy Brothers argued the tapes Mr. Gentry played for the Court only demonstrate that he has no credibility. In addition to the discrepancies that exist regarding the date, time, and mechanism of injury, the tapes impeached Mr. Gentry. Although Mr. Gentry claimed his telephone automatically recorded phone calls, the sounds of a door opening and shutting before the call begins refute his assertion. Purdy Brothers also pointed out the numerous discrepancies that existed in the statements made by Mr. Gentry to its company representatives, to its third-party administrator, and to his medical providers.

Purdy Brothers further argued Mr. Gentry did not come forward with sufficient evidence for the Court to establish that he is likely to prevail at a hearing on the merits. It argued Mr. Gentry failed to provide timely notice of an alleged right-knee injury until October 16, 2015. When he provided notice to Purdy Brothers, he stated his injury occurred on April 24. However, Mr. Gentry was off work during that time receiving temporary disability benefits for a compensable right-arm injury. Additionally, Purdy Brothers argued Mr. Gentry failed to produce any medical proof showing that his knee injury arose primarily out of and in the course and scope of his employment. Therefore, Purdy Brothers requested that the Court deny Mr. Gentry's request for benefits.

---

[4] In addition to numerous discrepancies that exist regarding Mr. Gentry's alleged right-knee injury, the Court notes the medical records reflect that he requested narcotic medication from Dr. Johnson. She declined to prescribe any narcotics since the database indicated he was routinely receiving them from his orthopedic physician. During the hearing, Mr. Gentry denied asking her for narcotics.

3

## Motion to Dismiss

In this case, Purdy Brothers moved for an involuntary dismissal under Rule 40.02(2) of the Tennessee Rules of Civil Procedure at the close of Mr. Gentry's proof. This Court took Purdy Brothers' motion under advisement and told the parties that the Court would set forth its findings in this Expedited Hearing Order.

In *Burchfield v. Renfree*, 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals reiterated the principles regarding directed verdicts:

> The rule for determining a motion for directed verdict requires the trial judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at *86-87 (internal citations omitted). In this case, the Court finds that reasonable minds can differ as to the conclusions to be drawn from the evidence.

Additionally, a motion for involuntary dismissal is rarely appropriate in a workers' compensation case, inasmuch as a reversal of the trial court's ruling results in additional proceedings and undue delay. *See Cunningham v. Shelton Sec. Serv.*, 46 S.W.3d 131, 137-38 (Tenn. 2001); *see also Bldg. Materials Corp. v. Britt*, 211 S.W.3d 706 (Tenn. 2007). The trial court should instead hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review. *Id.*

Moreover, Purdy Brothers moved for an involuntary dismissal at the Expedited Hearing stage. The Expedited Hearing results in an Expedited Hearing Order, or an interlocutory order, which is not a final order. *See* Tenn. Code Ann. § 50-6-239(d)(3) (2015). Interlocutory orders are subject to modification at any time prior to the Compensation Hearing. *Id.*

For these reasons, this Court concludes that an involuntary dismissal is not warranted. Accordingly, the Court denies Purdy Brothers' motion for involuntary dismissal at this time.

## Findings of Fact and Conclusions of Law

Having addressed the motion to dismiss, the Court will now analyze the evidence under the applicable standard of proof. Mr. Gentry bears the burden of proof on all

4

essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, he is not required to prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at Expedited Hearing, Mr. Gentry must come forward with sufficient evidence from which this Court might determine that he is likely to prevail at a hearing on the merits. *Id.*

This lesser evidentiary standard does not relieve Mr. Gentry of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). "An injury occurs in the course of employment if 'it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Hubble v. Dyer Nursing Home,* 188 S.W.3d 525, 534 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys., LLC,* 164 S.W.3d 350, 354 (Tenn. 2005)).

The Court holds Mr. Gentry failed to establish that he is likely to prevail at a hearing on the merits that he sustained a right-knee injury arising primarily out of and in the course and scope of his employment with Purdy Brothers. Although Mr. Gentry was adamant during the Expedited Hearing that he injured his knee at work on March 24, 2015, the proof shows he provided contradictory statements during his recorded statement, during the secretly recorded telephone call he had with Mr. Richardson, and during office visits with various medical providers. The evidence demonstrates there are numerous discrepancies and contradictions made by Mr. Gentry regarding the date, the time, and the mechanism of his alleged injury, which casts serious doubt on his credibility. Further, there is no medical proof indicating that Mr. Gentry sustained a work-related, right-knee injury.

Accordingly, the Court holds Mr. Gentry is unlikely to prevail at a hearing on the merits in proving he sustained a right-knee injury arising primarily out of and in the course and scope of his employment with Purdy Brothers. Therefore, the Court denies his request for medical and temporary disability benefits.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Gentry's requested relief is denied at this time.

2. This matter is set for a Status Hearing on January 27, 2017, at 10:00 a.m., Eastern Time.

**ENTERED this the 16th day of November, 2016.**


_Audrey Headrick_
**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**


Status Hearing:

A Status Hearing has been set on January 27, 2017, at 10:00 a.m. Eastern Time, with **Judge Audrey A. Headrick, Court of Workers' Compensation Claims. You must call 423-634-0164 or toll free at 855-383-0001 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

7

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Medical records of Sweetwater Family Medicine;
2. Medical records of Dr. Shane Asbury;
3. Physical therapy records of Monroe Physical Therapy;
4. Medical bills (For Identification Purposes);
5. Affidavit of Billy Gentry;
6. Affidavit of Rodney Richardson;
7. Affidavit of Deb Ferguson; and,
8. Form C-23 Notice of Denial of Claim for Compensation.

Technical record:[5]

1. Petition for Benefit Determination, filed April 12, 2016;
2. Dispute Certification Notice with additional disputed issues and defenses attached, filed June 8, 2016;
3. Request for Expedited Hearing, filed July 1, 2016;
4. Response of Respondents to Petitioner's Claim for Medical Benefits and Temporary Disability Benefits, filed July 8, 2016;
5. Notice of Expedited Hearing, issued August 25, 2016;
6. Amended Notice of Expedited Hearing, issued September 1, 2016; and,
7. Notice of Filing of Affidavits of Deb Ferguson and Rodney Richardson, filed July 8, 2016.

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Billy Gentry, Self-Represented Employee | X | | | 740 Little Notchy Creek Road Madisonville, TN 37354 |
| Steve Collins, Employer's Attorney | | | X | scollins@spicerfirm.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

10