FILED

March 10, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:28 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **CARRIE ROBINSON,** | ) | **Docket No. 2016-06-1563** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 48284-2016** |
| **VANDERBILT UNIVERSITY,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

## EXPEDITED HEARING ORDER DENYING
## REQUEST FOR MEDICAL BENEFITS

This claim came before the Court on March 2, 2017, on the request for expedited hearing filed by Carrie Robinson pursuant to Tennessee Code Annotated section 50-6-239 (2016). The present focus of this case is whether Ms. Robinson is entitled to medical benefits for alleged work-related neck and back injuries.[1] Vanderbilt denied the claim and raised the statute of limitations as a defense. For the reasons set forth below, the Court finds Ms. Robinson would be unlikely prevail at a hearing on the merits because she failed to timely file a workers' compensation lawsuit.

### History of Claim

This claim concerns a neck and back condition that allegedly resulted from repetitive lifting. Ms. Robinson worked in a small market and deli located on Vanderbilt University's campus. Her duties at the market required her to move large boxes of fruit and other sundries from the stock room, unpack the items from their boxes, and place them on shelves and displays.

On August 1, 2015, after working for Vanderbilt for approximately forty years, Ms. Robinson retired. After retiring, she sought treatment for back and neck pain and underwent an MRI that revealed degenerative changes of the lumbar spine, including several disc bulges and annular tears, as well as osteoarthritis, stenosis and foraminal narrowing.

---

[1] The Dispute Certification Notice listed temporary disability benefits as a disputed issue. At the hearing, Ms. Robinson stated she was not pursuing those benefits.

On April 26, 2016, after receiving the MRI results, Ms. Robinson sent a letter to Vanderbilt informing them of the condition of her back and her continued pain. The letter stated that the tears and bulging discs in her back were, "due to lifting heavy items on the job." It further stated she had spoken with a representative from the Department of Labor who advised her to write Vanderbilt about filing a workers' compensation claim.

Tracey Woodard, senior claims supervisor for Vanderbilt, testified she denied the claim based on lack of proper notice and lack of a specific injury. She further testified Vanderbilt never paid any workers' compensation benefits to Ms. Robinson.

Ms. Robinson filed a Petition for Benefit Determination (PBD) with the Bureau of Workers' Compensation. In her PBD, Ms. Robinson listed her date of injury as June 1, 2015. Although she signed the PBD on August 1, 2016, Ms. Robinson did not file it until August 19, 2016, more than one year after she retired from Vanderbilt.

At the hearing, Ms. Robinson testified she began having problems with her back before she retired from Vanderbilt. Her trouble began when a reduction in market staffing forced her to take a more active role in transporting and stocking items. She also testified about problems she experienced in performing day-to-day activities after she began experiencing back pain. Annie Wright, Ms. Robinson's sister, also described the difficulty Ms. Robinson experienced after developing back pain.

## Findings of Fact and Conclusions of Law

The following legal principles govern the Court's analysis of this claim. In order to ultimately prevail, Ms. Robinson has the burden of proving all essential elements of her claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, however, her burden of proof is lower and requires her only to come forward with sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The Court holds Ms. Robinson failed to carry this burden because she filed her PBD beyond the statute of limitations.

Vanderbilt raised several affirmative defenses to Ms. Robinson's claim including the assertion that her claim is time-barred because she failed to file a PBD within the statute of limitations. In cases where the employer paid no benefits, the Workers' Compensation Law provides that, the employee's "right to compensation shall be forever barred" unless the employee files a PBD within one year after the work-related accident. Tenn. Code Ann. § 50-6-203(b)(1) (2016). Ms. Woodard testified that Vanderbilt denied Ms. Robinson's claim and never paid her workers' compensation benefits. Because she

2

never received benefits from Vanderbilt, Ms. Robinson had to file a PBD within one year of her date of injury to maintain a viable claim for benefits.

Ms. Robinson listed her date of injury as June 1, 2015. Accordingly, using this date as the date of injury, she needed to file a PBD no later than July 1, 2016, to prevent the statute of limitations from barring her claim. However, because Ms. Robinson's claim indicates a gradual or repetitive-stress type injury as opposed to an acute incident, her date of injury is the last day she worked for Vanderbilt under the "last day worked" rule. *See Building Materials Corp. v. Britt*, 211 S.W.3d 706, 711-14 (Tenn. 2007). Even utilizing this date as her date of injury, her claim is still time-barred. Ms. Robinson last worked for Vanderbilt on August 1, 2015, so her statute of limitations ran as of that date in 2016. While Ms. Robinson signed her PBD on August 1, 2016, she did not file it with the Bureau until August 18. Accordingly, the statute of limitations barred her claim. The Court, therefore, holds Ms. Robinson is unlikely to prevail at a hearing on the merits in proving her entitlement to workers' compensation benefits. Her claim for medical benefits is denied. The Court will entertain an appropriate motion from Vanderbilt for dismissal of this claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Robinson's claim for medical benefits is denied.

2. **This matter is set for a scheduling hearing on April 3, 2017, at 10:30 a.m. (CDT).** The Court will convene the scheduling hearing telephonically. The parties must dial (615) 741-2113 or (855) 874-0474 to participate. Failure to participate in the scheduling hearing may result in a determination of issues without further input.

**ENTERED ON THIS THE 10TH DAY OF MARCH, 2017.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

Exhibits:

1. Medical records
2. Affidavit of Carrie Robinson and attached documents
3. Affidavit of Tracey Woodard and attached documents
4. Wage Statement

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Vanderbilt's Response in Opposition to Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __10th__ day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Carrie Robinson | X | | X | 800 Paige Ct. Nashville, Tennessee 37207 robinsoncm61@gmail.com |
| Nathaniel Cherry | | | X | ncherry@howardtatelaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5