**FILED**

**June 15, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:40 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Roxanna Marie Hazy Kelso | ) Docket No. 2015-01-0413 |
| | ) |
| v. | ) State File No.   91781-2015 |
| | ) |
| Five Star Food Service, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

---

### Affirmed and Remanded - Filed June 15, 2016

---

In this interlocutory appeal, the employee alleges repetitive motion injuries to her upper extremities as a result of her work with the employer, including left carpal tunnel syndrome that was diagnosed in August 2015. The employer denied benefits, asserting the employee made a similar claim in 2014, which was denied, and that her present claim is barred by the statute of limitations because it was not filed within one year of the 2014 injuries. Following an expedited hearing, the trial court determined the employee's claim was not barred by the statute of limitations through application of the "last day worked" rule and ordered the employer to provide medical benefits. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Gordon Aulgur, Lansing, Michigan, for the employer-appellant, Five Star Food Service

Roxanna Kelso, Charleston, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Roxanna Kelso ("Employee") alleges that she suffers from carpal tunnel syndrome and other work-related repetitive injuries to her arms and right shoulder as a result of her employment with Five Star Food Service ("Employer"). She began working with

1

Employer in August 2012 and relates the beginning of her complaints to repetitive movements associated with her work in food preparation, specifically, preparing items for a salad bar and working a grill. She first complained of upper extremity pain around July 1, 2014, at which time Employer provided her a panel of physicians from which she selected Dr. Rickey Hutcheson. Dr. Hutcheson first treated Employee on August 12, 2014, when he performed x-rays and diagnosed Employee with arthritis. He returned her to work with no restrictions and rendered an opinion that her complaints were not causally related to her employment. He opined that her symptoms were more likely related to her fibromyalgia and that if she did, in fact, have carpal tunnel syndrome, she also had significant co-morbidities. Employer denied Employee's July 1, 2014 claim on the basis that the authorized physician had opined that Employee's complaints were not work-related.[1]

As a result of Employee's upper extremity complaints, a pre-existing compensable back injury, and other ailments, Employer provided less strenuous work beginning in August 2014 in the form of a managerial position. At the expedited hearing, Employee testified that her upper extremity complaints improved while she was performing the managerial tasks and only after returning to a more labor-intensive position in June 2015 did her symptoms increase in severity. Employee also testified that she believed Dr. Hutcheson had provided sub-standard medical care and that she "was never sent to a doctor really to have [her] hands checked." Employee testified that when the severity of her symptoms increased, she "went to do the nerve test to prove to them that . . . something was wrong all along, even though they said [there] wasn't." An EMG was performed, which revealed mild left carpal tunnel syndrome. Employee learned of the diagnosis on August 26, 2015, and thereafter reported the injury to Employer and requested medical care. Employer had changed workers' compensation insurance carriers subsequent to the July 1, 2014 claim, and the adjuster for the carrier with a policy in effect in August 2015 provided Employee a panel of medical care facilities. Employee testified that she believed the panel was insufficient because it did not list specific physicians. No other panel was offered, and Employee never chose a facility from the panel. On December 4, 2015, Employer denied the claim, stating as the basis for the denial that the "[i]njury was not in the course and scope of employment." Employer subsequently asserted the expiration of the statute of limitations as a defense.

On November 20, 2015, Employee filed a petition for benefit determination that identified an August 26, 2015 date of injury. Following unsuccessful efforts to resolve

[1] Contrary to the assertion in Employer's brief on appeal, the authorized treating physician did not opine that "the bilateral carpal tunnel syndrome was no[t] related to [Employee's] employment." Rather, Dr. Hutcheson stated "I think most of her symptoms are arthritic in nature and associated with her fibromyalgia more than anything else. I told her that she could potentially have carpal tunnel right now but, even if she does, she has significant co-morbidities associated with it." There is no proof in the record that any physician has rendered a causation opinion with regard to Employee's diagnosed carpal tunnel syndrome.

the parties' disputes through mediation, Employee filed a request for expedited hearing on March 8, 2016, accompanied by her notarized statement alleging that in June 2015, Employer "put me back into grilling, dish washing, cutting, slicing, chopping, sweeping, mopping, cooking, and lifting all the time." She alleged that "the pain got so bad in my hands and back" that "after begging for help from my employer for a couple of months [I] went to my regular doctor [on] 9/15/2015 and asked her to take me off work." Additionally, she alleged that she "had a nerve test done on [her] hands in August 2015 and was told [she] had carpal tunnel in the left hand and it was probably arthritis in [her] right hand." She also alleged that she "informed my employer of this in August [2015]." Employer responded that Employee was asserting the same claim she had made on July 1, 2014, and that the statute of limitations on that claim had expired, barring any recovery of workers' compensation benefits.

The trial court issued an order on May 3, 2016, finding Employee's date of injury was August 26, 2015, her claim was not barred by the statute of limitations, and she was entitled to medical benefits. The trial court denied Employee's request for temporary disability benefits based upon Employee's failure to present medical proof of an inability to work as a result of a work-related injury or condition.[2] Employer has appealed.

## Standard of Review

The standard of review applicable to our review of a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[2] Employee has not appealed the denial of temporary disability benefits. Thus, we need not address that issue.

## Analysis

Employer raises a single issue on appeal, "whether [Employee's] claim for workers' compensation benefits is barred by the statute of limitations because the [petition for benefit determination] was filed more than one year after the date of loss." Tennessee Code Annotated section 50-6-203(b)(1) (2015) states that, if the employer has not paid benefits on a claim, "the right to compensation under this chapter shall be forever barred unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed with the bureau . . . within one (1) year of the accident resulting in injury."[3] Hence, resolution of this appeal requires that we determine Employee's date of injury with respect to her repetitive motion injuries.

In *Lawson v. Lear Seating Corporation*, 944 S.W.2d 340 (Tenn. 1997), the Tennessee Supreme Court noted the problematic nature of identifying when a repetitive stress injury occurs:

> The identification of the "accident resulting in the injury" is problematic in the case of a repetitive stress injury . . . . With carpal tunnel syndrome and other repetitive stress injuries, the symptoms appear and worsen over an extended period of time. As in [this] case, the symptoms may be episodic and may subside when the employee's job is altered. Thus, it is difficult, if at all possible, to determine when the "accident resulting in the injury" occurs. Such a determination is important because the statutory limitation period begins to run only after the occurrence of the "accident resulting in the injury."

*Id.* at 341. The Supreme Court stated in *Lawson* that "the repetitive movements of [the employee's] hands as she performed her job caused her injuries," adding that "[e]ach day [she] worked contributed to her injury." *Id.* at 343. Because there was no one particular incident identifiable as an "accident resulting in injury," and because the employee suffered new trauma to her hands each day she worked, the Supreme Court held that "the date of the accidental injury is the date that [the employee] was no longer able to work because of her injury." *Id.*

Relying on *Lawson*, we addressed a similar issue in *Maples v. Federal-Mogul Corporation*, No. 2015-04-0039, 2016 TN Wrk. Comp. App. Bd. LEXIS 8 (Tenn. Workers' Comp. App. Bd. Feb. 17, 2016). In that case, the injured worker alleged repetitive trauma injuries to her hands. The claim was denied by the employer on the basis of, among other defenses, the expiration of the statute of limitations. We

---

[3] While Employer apparently paid for some medical treatment associated with the July 1, 2014 claim, thereby altering the date on which the statute of limitations would have begun to run for that claim, our determination of the date of Employee's injury renders any analysis in that regard unnecessary.

considered whether, in light of significant reforms to Tennessee's Workers' Compensation Act that became effective on July 1, 2014, the "last day worked" rule remained viable. *Id.* at *28. Included in these significant changes is the mandate that, rather than applying a liberal construction to the workers' compensation statute, the statute "shall be construed fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116 (2015). As noted in our decision in *Maples*, the "purpose of the 'last day worked' rule is to 'fix a date certain when the employee knows or should know he or she sustained a work-related injury so that workers with gradual injuries will not lose the opportunity to bring claims due to time limitations.'" *Id.* at *26 (citing *Bone v. Saturn Corp.*, 148 S.W.3d 69, 73 (Tenn. 2004) (overruled on other grounds)). Thus, we concluded that the rationale underlying the "last day worked" rule remains viable under the 2013 Reform Act in claims for cumulative trauma conditions. *Id.* at *27.

In the instant case, and similar to what the employee in *Lawson* reported, Employee's symptoms were episodic and subsided when her job was altered, making it difficult, if at all possible, to determine when an "injury by accident" occurred. *See* Tenn. Code Ann. § 50-6-102(14)(A) (2015). Under the facts and circumstances presented, we conclude that the "last day worked" rule applies and Employee's limitations period did not begin to run until she left the employment on or about September 15, 2015, which date Employer did not refute or contradict. Employee filed the petition for benefit determination on November 20, 2015, well within one year from the last day she worked for Employer. Thus, the evidence supports the trial court's conclusion that Employee's claim is timely.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

5



**FILED**

**June 15, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:40 P.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Roxanna Marie Hazy Kelso | ) | Docket No. 2015-01-0413 |
| | ) | |
| v. | ) | |
| | ) | State File No. 91781-2015 |
| Five Star Food Service, et al | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of June, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Roxanna Marie Hazy Kelso | | | | | X | rmkelso@yahoo.com; 221 Forest Hills Dr., Charleston, TN 37310 |
| Gordon Aulgur | | | | | X | gordon.aulgur@accidentfund.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov