**Denise BONE**

v.

**SATURN CORPORATION.**

Supreme Court of Tennessee, at Nashville.

Oct. 7, 2004 Session.

Nov. 2, 2004.

---

Clifford Wilson and Marcia McShane Watson, Nashville, Tennessee, for the Appellant, Saturn Corporation.

Larry R. McElhaney, II, Nashville, Tennessee, for the Appellee, Denise Bone.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, JANICE M. HOLDER, WILLIAM M. BARKER, JJ., and ALLEN WILSON WALLACE, Sp. J., joined.

In this workers' compensation case, the employer, Saturn Corporation, has appealed the trial court's award of benefits based on a weekly compensation rate calculated as of the date the employee last worked due to a gradually occurring injury. The employer contends that an employee's compensation rate should not be determined as of the date the employee last worked due to a gradually occurring injury when the employee has previously given the employer actual notice of the injury, as occurred in this case. The appeal was transferred to the full Supreme Court prior to the Special Workers' Compensation Appeals Panel hearing oral argument. The sole question before this Court is whether the last day worked rule applies in determining an employee's weekly compensation rate when the employee, who has suffered a gradually occurring injury, has given the employer actual notice of the injury prior to missing time from work due to the injury. After carefully examining the record and the relevant authorities, we hold that the last day worked rule does not apply when determining an employee's compensation rate if the employee has given the employer actual notice of a gradually occurring injury prior to missing time from work on account of the injury. Accordingly, the judgment of the trial court is modified to reflect an award based on a weekly compensation rate calculated as of the date the employee reported her gradually occurring injury to the employer.

## I. *Factual and Procedural Background*

The employee, Denise Bone, age forty-eight, was employed as an assembly line worker by Saturn Corporation. In 1997, the employee was diagnosed with epicondylitis, commonly referred to as tendonitis or "tennis elbow," in her left arm. She reported her injury to the employer on February 7, 1997, by completing a Notice of Work Related Injuries/Illness form. The form, which was signed by the employee, stated that the employee injured herself "lifting stock and repetitive use of left arm and elbow." The employee further indicated on the form that she had pain in her left arm when she performed repetitive work. The form listed the date of injury as February 7, 1997.

The employee continued working in the employer's plant while undergoing conservative treatment for the pain in her arm. When conservative treatment failed to improve her condition, the employee underwent corrective surgery on May 25, 2001. She did not miss any work on account of her injury until the surgery on May 25, 2001.

The employee reached maximum medical improvement sometime in March 2002. Her surgeon and treating physician, Dr. Paul Thomas, assigned a 7% anatomical impairment rating to her arm. According to Dr. Thomas, the employee's condition had become permanent by early 1998. However, Dr. Thomas could not pinpoint an exact date the employee's injury became permanent.

The trial court found that the employee's injury was work-related and awarded benefits based on 30% permanent partial disability to the employee's arm.[1] The

---

1. The employer has not challenged on appeal the trial court's finding of compensability or the extent of the employee's disability.

benefits were initially based on a weekly compensation rate of $453.14, which was the applicable rate on the date the employee reported the injury to the employer. However, the trial court later amended the judgment using a weekly compensation rate of $562.00 which was the applicable rate on the date of the employee's surgery.[2] The trial court modified the judgment based upon the last day worked rule for gradually occurring injuries. The trial court ultimately found that the injury date was the date of surgery rather than the date the employee reported the injury to the employer because the employee continued to work until her surgery.

The employer appealed the trial court's reliance upon the last day worked rule to determine the employee's compensation rate. The appeal was transferred to the full Supreme Court prior to oral argument before the Special Workers' Compensation Appeals Panel.

## II. *Analysis*

An award of benefits for permanent partial disability is based upon an employee's weekly compensation rate, which is an amount equal to sixty-six and two thirds percent of the worker's average weekly wage. Tenn.Code Ann. § 50–6–207(3)(A) (Supp.2003). Average weekly wage "means the earnings of the injured employee in the employment in which the injured employee was working **at the time of the injury** during the period of fifty-two (52) weeks immediately preceding **the date of the injury** divided by fifty-two

(52)....'' Tenn.Code Ann. § 50–6–102(2)(A) (Supp.2003) (emphasis added).

Relying upon the statutory definition of average weekly wage, particularly the phrases "at the time of the injury" and "the date of the injury," the employee contends that because the date of injury in a repetitive use injury case is the last day worked, the trial court correctly determined her compensation rate as of the date of her surgery, May 25, 2001, since she continued working until then. The employer responds that the last day worked rule should have no application when the employee has given the employer actual notice of the injury prior to missing time from work due to the injury. Thus, the employer argues that the applicable date of injury in this case is the date the employee reported the injury to the employer, February 7, 1997.

■■■ Since at least 1961, Tennessee law has recognized that workers' compensation benefits may be awarded for conditions which do not occur instantaneously as a result of a single event, but develop gradually from repeated work-related incidents. *See Barker v. Home–Crest Corp.,* 805 S.W.2d 373, 375 (Tenn.1991). In addition, this Court has consistently recognized that in the case of a gradually occurring injury, the date of injury is the last day that the employee is able to work because of the injury. *See, e.g., Lawson v. Lear Seating Corp.,* 944 S.W.2d 340, 343 (Tenn. 1997); *Barker,* 805 S.W.2d at 375–76.[3] This principle of law, which is known as the last day worked rule, has not only been adopted in Tennessee, but also is the law

---

2. The change in the weekly compensation rate resulted in an increase in the judgment from $27,188 to $33,720.

3. In *Barker,* this Court had to determine the date of a gradually occurring injury in order to decide which of multiple insurance companies had the coverage. In *Lawson,* the Court

had to determine the date of a gradually occurring injury for purposes of establishing when the statute of limitations began to run. In both cases, we held that the key date was the last day the employees were able to work due to their injuries.

in a majority of jurisdictions. *St. Paul Ins. Co. v. Waller*, 524 S.W.2d 478, 481 (Tenn.1975). The last day worked rule applies to repetitive use injuries, and its purpose is to fix a date certain when the employee knows or should know he or she sustained a work-related injury so that workers with gradual injuries will not lose the opportunity to bring claims due to time limitations. *Story v. Legion Ins. Co.*, 3 S.W.3d 450, 454 (Tenn.Workers Comp.Panel 1999). The last day worked rule is necessary because in the case of a repetitive use injury, there is no identifiable event or incident before which the employee is not injured, but after which the employee is injured. *Lawson*, 944 S.W.2d at 342.

Although this Court has not applied the last day worked rule in the context of determining an employee's weekly compensation rate, the Special Workers' Compensation Appeals Panel has addressed the subject in several cases with conflicting results. For example, in *Keel v. Saturn Corp.*, No. 01S01–9803–CV–00046, 1999 WL 85521 (Tenn.Workers Comp.Panel Feb.22, 1999), the Panel applied the last day worked rule in deciding that the employee's weekly compensation rate was correctly determined to be the date when his gradually occurring injury forced him to stop working shortly before having corrective surgery. In so finding, the Panel relied upon this Court's decision in *Lawson* for the proposition that the date of injury for a gradual injury is the date on which the employee is forced to quit work because of the injury.

In another case, *Zurich–American Ins. v. Kent*, No. M1998–00886–SC–WCM–CV, 2000 WL 765100 (Tenn.Workers Comp.Panel June 13, 2000), the Panel concluded that the last day worked rule was inapplicable in repetitive use injury cases where the employee files a report of injury form with the employer, thereby giving the employer actual notice of the gradual injury. The Panel in *Zurich* explained that when a definite date of injury is known, i.e., when the employee knows the nature of his or her injury and provides written notice of a work-related injury, there is no reason to use another date, such as the last day worked. The Panel in *Zurich* concluded that application of the last day worked rule serves no useful purpose when the date of the injury is known by the parties. *See also Carey v. Camden Castings Ctr., Inc.*, No. W2002–01367–WC–R3–CV, 2003 WL 21999382 (Tenn.Workers Comp.Panel Aug.18, 2003) (holding that the last day worked rule is inapplicable when the employee gives written notice of the injury to the employer).

In a more recent case, *Frazier v. Saturn Corp.*, No. M2002–01564–SC–WCM–CV, 2003 WL 22976605 (Tenn.Workers Comp.Panel Dec.19, 2003), the employee gradually developed carpal tunnel syndrome from the repetitive use of her hands. She gave the employer notice of her injury in 1991 and had corrective surgery in 1996. She was unable to work because of pain from February 20, 1994, until March 24, 1995. The trial court found the date of injury to be in 1991 when the employee gave notice of her injury to the employer. The Panel reversed, finding that under the last day worked rule the applicable compensation rate should have been determined as of February 20, 1994, the date the employee first missed work due to her injury.

■ After considering these conflicting Panel decisions, we agree with *Zurich* and *Carey* that it is unnecessary to utilize the last day worked rule when the employee gives actual notice of the injury to the employer prior to missing time from work on account of the injury. In that event, there is no question that the employee knows the work-related nature of his or

her injury; thus there is no reason to use another date. The concerns that prompted the adoption of the last day worked rule are simply not implicated when there is a date certain by which the employee knows he or she has suffered a work-related injury as evidenced by the employee giving actual notice of the injury to the employer. When no such notice has been given to the employer, the last day worked rule would apply.

In this case, there is no dispute that the employee gave the employer written notice of her injury on February 7, 1997, prior to missing any time from work because of her injury. Thus, the applicable date of injury for purposes of calculating the employee's compensation rate is February 7, 1997. Accordingly, the trial court's judgment is modified to reflect an award based on a weekly compensation rate of $453.14, which is the applicable rate as of the date the employee reported the injury to the employer.

### III. *Conclusion*

For the reasons stated above, we hold that the last day worked rule does not apply when determining an employee's compensation rate if the employee has given the employer actual notice of a gradually occurring injury prior to missing time from work on account of the injury. Accordingly, the judgment of the trial court is modified as stated herein. The case is remanded for any further proceedings that may be necessary. The costs of this appeal are taxed to the appellee, Denise Bone, and her surety, for which execution may issue if necessary.[4]

---

4. The employee claims that the employer's appeal is frivolous and, therefore, she should be awarded damages. This appeal is not frivolous. Accordingly, the employee's request for damages is denied.