**Steve D. BARNETT**

v.

**EARTHWORKS UNLIMITED, INC.**

Supreme Court of Tennessee, at Knoxville.

May 3, 2006 Session.

July 25, 2006.

Thomas M. Horne, for the appellant, Earthworks Unlimited, Inc.

Philip R. Strang, for the appellee, Steve D. Barnett.

## OPINION

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

The sole issue in this workers' compensation action is whether the employee's claim for benefits is barred by the statute of limitations. The employee was diagnosed with carpal tunnel syndrome, a gradually occurring injury. He notified his employer of this diagnosis and told his employer that he thought it was work-related, although he did not discuss the work-related nature of his injury with his doctor until about a year later. He did not miss any work due to his injury, but was terminated from his employment for unrelated reasons. He filed a claim for workers' compensation benefits approximately thirteen months after he initially spoke with his employer about his injury; this was about six months after his last day worked. The trial court held that the claim was not time-barred by the statute of limitations and found that the employee was twenty-five percent permanently partially disabled in each arm. The employer appealed the trial court's determination that the claim was not barred by the statute of limitations. We accepted review before the case was heard or considered by the Special Workers' Compensation Appeals Panel. Upon due consideration, we hold that the claim is not time-barred because the statute of limitations did not begin to run until the employee's last-day-worked. Accordingly, we affirm the judgment of the trial court.

## Factual Background

The plaintiff, Steve D. Barnett ("Barnett"), began working for the defendant, Earthworks Unlimited, Inc. ("Earthworks"), in September 2001 as a heavy equipment operator. He was laid off in January 2003 due to lack of work.

In April of 2002, Barnett began experiencing pain in his left hand and arm while operating the equipment controls at work. He initially sought treatment with his primary care physician, Dr. Ajit Kemkar, who referred him to Dr. R. Sean Brown. Dr. Brown first saw Barnett on April 25, 2002, at which time he performed a nerve conduction study on Barnett's left upper extremity. He diagnosed Barnett with carpal tunnel syndrome in the left arm. He advised him to wear a wrist splint, started him on anti-inflammatory medicine, and sent him to an occupational therapist for exercises for his wrist.

Dr. Brown next saw Barnett on May 15, 2003, at which time he performed nerve conduction studies on both wrists. He diagnosed bilateral carpal tunnel syndrome and suggested performing steroid injec-

tions into both wrists, as well as repeat physical therapy. It was at this time that Dr. Brown first discussed with Barnett the work-related nature of his wrist injuries. Later in 2003, Dr. Brown referred Barnett to an orthopedic surgeon, Dr. James Patterson Stone. Dr. Stone performed carpal tunnel release surgery on Barnett's left wrist on December 5, 2003. He performed a release on the right wrist on December 26, 2003.

On April 6, 2004, Dr. Brown opined that Barnett had reach maximum medical improvement. Dr. Brown assigned a permanent impairment rating of twenty-two percent to the upper right extremity and twenty-two percent to the upper left extremity. It was Dr. Brown's opinion that the carpal tunnel syndrome was caused by the repetitive use of his hands and arms while at work.

Barnett testified that he met with his supervisor, Mike Montgomery, after he had seen Dr. Brown for the first time. He first said that this meeting took place in June or July of 2002, but he was unsure of the exact date. He then clarified that the meeting was no more than a week after his diagnosis by Dr. Brown, which took place on April 25, 2002. He told Mr. Montgomery that he had an injury to his arm that he thought was work related. "Shortly thereafter," he began having pain in his right arm, which he also reported to Mr. Montgomery.

Norman Lane, a co-worker of Barnett's, testified at trial that he heard Barnett tell Mr. Montgomery that he had injured his left wrist. Mr. Lane first said that he thought this took place in June of 2002, but when asked to be more specific, he said that it was right after Barnett met with Dr. Brown for the first time. He also testified that Barnett was wearing braces on both wrists when he spoke with Mr. Montgomery.

Barnett's initial complaint for workers' compensation benefits was filed on June 16, 2003, which was later amended to allege that he was entitled to benefits for injuries to both arms that had begun in June 2002 and had been gradually increasing since then.[1] While there was no order allowing Barnett to amend his complaint, the parties entered into an agreed order stipulating that Barnett's claim of injury involves bilateral carpal tunnel syndrome to his arms only.

In July 2003 Barnett filed a request for assistance with the Tennessee Department of Labor requesting an order for payment of benefits for injuries described as "carpal tunnel syndrome in arms and legs working as a heavy equipment operator" with Earthworks. Barnett stated in his request for benefits that the date of injury was April 25, 2002, and that the injury was reported to the employer in May 2002.

Earthworks answered both the original and amended complaints averring that it had not received timely notice of any alleged injuries and, in the alternative, that Barnett's claim was barred by the statute of limitations.

Trial was held on September 9, 2005, and consisted of the live testimony of Barnett, Norman Lane, and Mike Montgomery, as well as the deposition testimony of Dr. Sean Brown and Dr. Patterson Stone. At the time of trial, Barnett was forty years of age with a high school education. The trial court found that Barnett had sustained twenty-five percent permanent partial disability in each arm for a total of 100 weeks of benefits.

[1]. The initial complaint alleged injuries to his left arm and both legs. The amended complaint added the allegation of injury to his right arm and deleted the allegations regarding his legs.

With respect to whether Barnett had given notice of his injury as required under the Workers' Compensation Law, the trial court found that he had and that the initial oral notice was given at some point after the middle of June 2002. The court noted that while treatment could have been based on this initial notice given, Barnett did not know that he had a permanent impairment or that it was work related until at least the middle of 2003. As such, notice as contemplated under the statute could not have been given until that time, and the law suit which was filed in June of 2003 was therefore timely filed.

Earthworks then filed its appeal, raising as its only issue whether the trial court erred in finding that Barnett's claim was not barred by the applicable statute of limitations. We accepted review before the case was heard or considered by the Special Workers' Compensation Appeals Panel.

### Standard of Review

■ Our standard of review of factual issues in a workers' compensation case is de novo upon the record of the trial court, accompanied by a presumption of correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2) (1999); *see also Rhodes v. Capital City Ins. Co.*, 154 S.W.3d 43, 46 (Tenn. 2004); *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 825–26 (Tenn.2003). Conclusions of law are subject to de novo review without any presumption of correctness. *Rhodes*, 154 S.W.3d at 46.

### Analysis

■ The sole issue on appeal is whether Barnett's claim, filed on June 16, 2003, is barred by the statute of limitations. We begin by noting that the workers' compensation statutes are remedial in nature and "are to be liberally construed and that doubt should be resolved in favor of the employee." *Lollar v. Wal–Mart Stores, Inc.*, 767 S.W.2d 143, 148–49 (Tenn.1989).

The statute of limitations for claims and actions brought under the Tennessee Workers' Compensation Law is controlled by Tennessee Code Annotated section 50–6–203(a) which provided, prior to the 2004 amendment, as follows:

> The right to compensation under the Workers' Compensation Law shall be forever barred, unless, within one (1) year after the accident resulting in injury or death occurred, the notice required by § 50–6–202 is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter....

Tenn.Code Ann. § 50–6–203(a) (1999).[2]

We have long recognized that gradually occurring injuries, including carpal tunnel syndrome, are compensable as accidental injuries under the Workers' Compensation Law even though it is difficult, if not impossible, to link such injuries to a particular "accident." *See Mahoney v. Nations-Bank of Tennessee, N.A.*, 158 S.W.3d 340, 344 (Tenn.2005); *Lawson v. Lear Seating Corp.*, 944 S.W.2d 340, 341 (Tenn.1997). To determine when the one-year statute of limitations begins to run in the case of a gradually occurring injury, we have held that the date of injury is the date the

---

**2.** If the employer makes voluntary payments of compensation during that one-year period, an action to recover any unpaid portion of the compensation may be brought within one year from the latter date of the last authorized treatment or the time the employer shall cease making such payments. Tenn.Code Ann. § 50–6–203(a) (1999). In this case, Earthworks never made any voluntary payments.

employee becomes unable to perform his or her job. *Lawson,* 944 S.W.2d at 343; *Brown Shoe Co. v. Reed,* 209 Tenn. 106, 350 S.W.2d 65, 69–70 (1961). The purpose of this last-day-worked rule "is to fix a date certain when the employee knows or should know he or she sustained a worked-related injury so that workers with gradual injuries will not lose the opportunity to bring claims due to time limitations." *Bone v. Saturn Corp.,* 148 S.W.3d 69, 73 (Tenn.2004).

■ We recently clarified that the last-day-worked rule does not apply to the situation where the employee provides actual notice of the gradually occurring injury to the employer because "[i]n that event, there is no question that the employee knows the work-related nature of his or her injury; thus there is no reason to use another date." *Bone,* 148 S.W.3d at 73–74 (using date of notice as date of injury for purposes of calculating the rate of compensation); *see also Mahoney,* 158 S.W.3d at 345 (using date of notice as date of injury to determine whether the current or former employer was liable for the employee's benefits). Therefore, following the rationale set forth in *Bone,* the one-year statute of limitations for claims brought under the Workers' Compensation Law, begins to run on the earlier of the date that the employee gives notice of his or her gradually occurring injury to the employer or the last date worked due to injury.

■ Earthworks argues because Barnett gave notice of his injury to Earthworks immediately after his diagnosis by Dr. Brown in either late April or early May of 2002, his suit filed on June 16, 2003, was outside the one-year statute of limitations. Barnett relies on our recent case of *Banks v. United Parcel Serv., Inc.,* 170 S.W.3d 556 (Tenn.2005), to argue that because he did not know the work-related or permanent nature of his injury until his

May 2003 appointment with Dr. Brown, at the very earliest, the statute of limitations could not begin to run until after that time.

It was the trial court's opinion that in order to resolve the issue of whether the claim was barred by the statute of limitations, it had to first determine when notice was given. Therefore, in rendering its opinion, the trial court discussed at length, from the bench, the statutory provisions and case law relating to the issue of notice. The trial court agreed with Barnett and held that because he did not know the nature or extent of his injury, his original oral "notice" to his employer did not constitute "notice" as contemplated by the Workers' Compensation Law, and therefore did not start the running of the statute of limitations. We agree.

The Workers' Compensation Law sets forth specific requirements for when notice of an injury is to be given to the employer by the employee. Because gradually occurring injuries are rarely precipitated by a specific, work-related traumatic event, the statute provides different notice requirements for such injuries:

> [W]here the injuries occur as the result of gradual or cumulative events of trauma, then the injured employee . . . shall provide notice to the employer of the injury within thirty (30) days after the employee:
>
> (1) Knows or reasonably should know that such employee has suffered a work-related injury that has resulted in permanent physical impairment; or
>
> (2) Is rendered unable to continue to perform such employee's normal work activities as the result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work-related activities.

Tenn.Code Ann. § 50–6–201 (Supp.2004).

"The purpose of the notice requirement is to give the employer 'the opportunity to

make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee.'" *Banks,* 170 S.W.3d at 562 (quoting *Jones v. Sterling Last Corp.,* 962 S.W.2d 469, 471 (Tenn.1998)). However, "[w]here the employee is ignorant of the work-connected nature of his injury, ... the employer's interest must yield to the remedial purpose of the statute." *Id.*

In *Banks,* we interpreted section 50–6–201 and held that "employees are relieved from the notice requirement until they know or reasonably should know that their injury was caused by their work and that the injury has either impaired them permanently or has prevented them from performing normal work activities." 170 S.W.3d at 561. This comports with prior cases in which we recognized that "an employee who sustains a gradually-occurring injury may be unsure of the cause of his or her injury, and therefore is relieved of the notice requirement, until the diagnosis is confirmed by a physician." *Id.* (citing *Whirlpool Corp. v. Nakhoneinh,* 69 S.W.3d 164, 169–70 (Tenn.2002); *Pentecost v. Anchor Wire Corp.,* 695 S.W.2d 183, 186 (Tenn.1985)).

In this case, the trial court found that while Barnett told his employer of his injury at some point in the middle of 2002, Barnett did not know that he had a permanent impairment that was work-related until much later and therefore could not have given notice as contemplated by the statute until that later date. Specifically, the court relied on the testimony of Dr. Brown that it was not until Barnett's appointment on May 15, 2003, that Dr. Brown and Barnett discussed the work-related nature of the injury. Additionally, it was not until April 6, 2004, that Dr. Brown found maximum medical improvement and assessed a permanent impairment rating.

Considering the deference due to the trial court's findings of fact, *see Whirlpool,* 69 S.W.3d at 167, we agree with the findings that Barnett did not know, nor could have known, that he had a permanent, work-related injury until May 15, 2003, at the earliest, or April 6, 2004, at the latest. Therefore, any "notice" given to his employer during the middle of 2002 was not "notice" as contemplated under the statute because he did not know the facts necessary to give that notice. Because no notice was given to his employer while he was still working, the rule set forth in *Bone,* establishing the date of injury as the date of notice, does not apply.

This brings us back to the "last-day-worked" rule. We held in *Bone* that "[w]hen no such notice [of the injury] has been given to the employer, the last day worked rule would apply." 148 S.W.3d at 74. We have previously defined the last-day-worked rule as equating the date of injury or accident as the last day before "the employee 'could no longer perform [his or] her work.'" *Lawson,* 944 S.W.2d at 341 (quoting *Barker v. Home–Crest Corp.,* 805 S.W.2d 373, 376 (Tenn.1991)). The problem with applying this rule to Barnett's situation is that Barnett was not forced to stop work due to his injury, but rather had his employment terminated for unrelated reasons. Despite this, we hold that the last-day-worked rule still applies.

Gradually occurring injuries have been described as "a new injury each day at work." *Lawson,* 944 S.W.2d at 341 (citing *Barker v. Home–Crest Corp.,* 805 S.W.2d 373 (Tenn.1991)). Thus the last day worked, regardless of the reason for leaving work, is the last day the employee was exposed to the work activity that caused the injury. Other jurisdictions have also taken this approach with gradually occurring injury, holding that the date of injury is the last day worked or last date of

"exposure." *See, e.g., Berry v. Boeing Military Airplanes,* 20 Kan.App.2d 220, 885 P.2d 1261 1268 (1994) (date of "injury" relates back to the last date on which employee worked); *Ramsey v. Weyerhaeuser,* 853 P.2d 774 (Okla.1993) (date of "last trauma" is last day worked); *Brooks Drug, Inc. v. Workmen's Compensation Appeal Bd.,* 161 Pa.Cmwlth. 81, 636 A.2d 246, 249 (1993) ("Each day of work constituted a 'new' injury in that it further aggravated Claimant's condition.... The date of injury ... is, therefore, the last day Claimant worked.").

Because Barnett was last exposed to the working conditions that caused his injury in January 2003, when he ceased working for Earthworks, his date of injury is in January 2003. Therefore, his claim filed on June 16, 2003 is not barred by the one-year statute of limitations.

### Conclusion

In sum, we hold that the one-year statute of limitations for bringing a claim for workers' compensation benefits for a gradually-occurring injury begins to run on the last day the employee worked for the employer, unless the employee has knowledge of the existence of a compensable, work-related injury and gives the required notice of that injury to his or her employer, in which case the date that notice is given is the date of injury. In this case, because Barnett did not know that his injury was work-related until May 2003, nor knew the permanent nature of his injury until after that time, Barnett did not give notice of his injury prior to ceasing employment with Earthworks. Therefore the one-year statute of limitations did not begin to run until Barnett's last-day-worked, making the claim filed on June 13, 2003 timely. The employer has not challenged on appeal the trial court's finding of disability. As such, we uphold the decision of the trial court and remand to the trial court for further proceedings consistent with this opinion.

Costs of this appeal are taxed to Earthworks Unlimited, Inc., and its surety, for which execution may issue if necessary.