# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT KNOXVILLE
Assigned on Briefs March 19, 2021

## ANGELA VARNER NICKERSON v. KNOX COUNTY, TENNESSEE

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**No. 2019-03-0559   Thomas L. Wyatt, Judge**

FILED

JUN 0 8 2021

Clerk of the Appellate Courts
Rec'd by_____

**No. E2020-01286-SC-R3-WC – Mailed May 6, 2021**

Employee filed a workers' compensation claim against Employer alleging mental injury resulting from traumatic work-related experiences that occurred years earlier. Employer denied the claim and moved for summary judgment citing the statute of limitations. The Court of Workers' Compensation Claims denied the motion. The Workers' Compensation Appeals Board vacated the order and remanded for the court to consider whether it had subject matter jurisdiction based on Employee's alleged date of injury. After a second hearing, the court again denied summary judgment, concluding the date of Employee's mental injury should be determined by the "discovery rule" and the "last day worked" rule. The Appeals Board reversed and remanded for entry of an order of dismissal based on lack of subject matter jurisdiction. Employee appealed. The appeal has been referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix.[1]

**Tenn. Code Ann. § 50-6-217(a)(2)(B) (Supp. 2020) Appeal as of Right;**
**Decision of the Workers' Compensation Appeals Board Affirmed**

---

[1] *See Batey v. Deliver This, Inc.*, 568 S.W.3d 91, 93 (Tenn. 2019); *House v. Amazon.com, Inc.*, No. E2017-02183-SC-R3-WC, 2019 WL 2147565, at *1 (Tenn. Workers' Comp. Panel May 16, 2019); *Johnston v. Siskin Steel & Supply Co./Reliance Steel & Aluminum Co.*, No. E2020-00799-SC-R3-WC (Tenn. Workers' Comp. Panel Feb. 10, 2021) (all adopting the opinions of the Workers' Compensation Appeals Board as an Appendix).

DON R. ASH, SR. J., delivered the opinion of the court, in which CORNELIA A. CLARK, J. and ROBERT E. LEE DAVIES, SR. J., joined.

Tony Farmer, Knoxville, Tennessee, for the appellant, Angela Varner Nickerson.

Evan E. Hauser, Deputy Law Director, Knoxville, Tennessee, for the appellee, Knox County, Tennessee.

## OPINION

Angela Varner Nickerson ("Employee") began employment with the Knox County Sheriff's Department ("Employer") in 1998, processing crime scenes as a forensics technician until her transfer to another department in 2011. In June 2018, Employee filed a claim for worker's compensation benefits in the Court of Workers' Compensation Claims ("trial court") asserting mental injury based on a 2018 diagnosis of post-traumatic stress disorder she attributed to exposure to specific crime scenes before her transfer.

Employer denied the claim and moved for summary judgment, alleging the claim was barred by the statute of limitations. The trial court denied the motion. On appeal, the Workers' Compensation Appeals Board ("Appeals Board") vacated the trial court's order and remanded the case for the court to preliminarily consider whether it could exercise subject matter jurisdiction based on the date of injury. *Nickerson v. Knox Cnty. Gov't*, No. 2019-03-0559, 2020 WL 1940373, at *3 (Tenn. Workers' Comp. App. Bd. Apr. 17, 2020) (corrected) (noting that, pursuant to Tennessee Code Annotated sections 50-6-237 and -217 (2014 & Supp. 2020), the jurisdiction of the Court of Workers' Compensation Claims is limited to cases having a date of injury on or after July 1, 2014).

On remand, Employer filed a renewed motion to dismiss and/or for summary judgment, arguing the trial court did not have subject matter jurisdiction and/or the claim was barred by the statute of limitations. After a second hearing, the court again denied the motion for summary judgment, concluding the "discovery rule" and the "last day worked rule" applied to the determination of the date of Employee's mental injury. The trial court explained that Employee was alleging a "cumulative" injury that did not become disabling until September 2018; thus, these factual disputes precluded summary judgment. The Appeals Board reversed the trial court and remanded for entry of an order of dismissal based on the lack of subject matter jurisdiction. *Nickerson v. Knox Cnty. Gov't*, No. 2019-03-0559, 2020 WL 9210675, at *11 (Tenn. Workers' Comp. App. Bd. Sept. 2, 2020).

In this appeal, the sole issue is whether the Court of Workers' Compensation Claims had subject matter jurisdiction over Employee's claim based on the date of mental injury. Upon due consideration, we affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix. Costs of this appeal are taxed to Angela Varner Nickerson, for which execution may issue if necessary.

DON R. ASH, Senior Judge

## (OPINION OF THE WORKERS' COMPENSATION APPEALS BOARD)

### Factual and Procedural Background

Angela Varner Nickerson ("Employee") was employed by Knox County Government ("Employer") as a forensics technician for approximately eleven years until 2011, after which she transferred to Employer's Special Services Department. While working as a forensics technician, Employee viewed certain crime scenes that she alleged precipitated a mental injury, including scenes involving the death of a child and another involving abuse and injuries to children. Following these events, which occurred prior to her transfer to the Special Services Department in 2011, she began experiencing nightmares and depression that she stated continued "on and off since the incidents." She further stated that the nightmares got worse over time. Employee alleges no additional precipitating or aggravating work-related events occurring after her transfer to the Special Services Department.

At some point before March 2015, Employee was told by a primary care physician, Dr. Robert Thompson, that she "may" have post-traumatic stress disorder ("PTSD"). In March 2015, she was again told by a medical provider she "may" have PTSD and there was a "possibility that [her] workplace experiences had contributed to [her] mental health issues." In September 2015, she sought treatment from a psychiatrist, Dr. Kenneth Jobson, and they discussed whether she may suffer from PTSD related to her employment. Due to health insurance issues, she did not return to Dr. Jobson until April 2018. Employee asserts Dr. Jobson did not diagnose her with PTSD until May 7, 2018.

In June 2018, Employee submitted a claim for workers' compensation benefits to Employer. Almost one year later, on April 29, 2019, she filed a petition for benefits, alleging that "[a]s a result of specific traumatic experiences as an employee of the Knox County Sheriff's Department, I have been diagnosed and treated for PTSD." She identified her date of injury as June 12, 2018.

Employer denied the claim, asserting Employee did not file her claim timely, and it filed a motion for summary judgment based on the alleged late filing of Employee's petition. Employee responded that the statute of limitations was suspended by application of the discovery rule, arguing that she did not know or have reason to know her symptoms were causally related to her employment until she was diagnosed with PTSD in May 2018. Alternatively, she argued her mental injury was a gradual injury to which the "last day worked rule" applies, resulting in her date of injury being the last day she worked for Employer, which was less than one year before she filed her petition for

benefits. Employer disputed the application of both rules, asserting Employee knew or should have known the work-related nature of her alleged mental injury in 2015 when she sought mental health treatment for problems related to her "workplace experiences." Employer additionally argued Tennessee does not recognize a mental injury as a gradual injury and the last day worked rule is inapplicable to Employee's claim.

The trial court denied Employer's motion for summary judgment, concluding there were genuine issues of material fact as to when Employee knew or reasonably should have known of her alleged work-related mental injury. Employer appealed that decision, and we vacated the trial court's order and remanded the case for the trial court to consider whether it could exercise subject matter jurisdiction over the claim. On remand, Employer filed a "Renewed Motion to Dismiss and/or for Summary Judgment," and Employee filed a response. After an additional hearing, the trial court again denied Employer's motion for summary judgment, concluding the last day worked rule and the discovery rule "apply to the determination of the date of [Employee's] injury." The court further noted that Employee alleged her mental injury was "cumulative in nature" and did not become disabling until September 2018, thereby creating disputed issues of material fact that precluded summary judgment. Employer has appealed.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). Likewise, a trial court's ruling on a motion for summary judgment is reviewed *de novo* with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

**Analysis**

The dispositive issue in this appeal is whether the Court of Workers' Compensation Claims has subject matter jurisdiction over Employee's claim. The analysis and resolution of this issue involve statutory interpretation and the application of rules of statutory construction. In *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *24-25 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018), we addressed the rules of statutory construction as follows:

When construing a statute, our goal is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning. Further, Tennessee Code Annotated § 50-6-116 (2017) provides that the workers' compensation statutes "shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction[,] and this chapter shall not be construed in a manner favoring either the employee or the employer." In addition, we must construe a statute so that no part will be inoperative, superfluous, void, or insignificant. We are required to give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent and we must construe a statute so that no section will destroy another.

(Internal quotation marks and citations omitted.)

In the present case, we must distinguish the "date of injury" as that phrase is used in Tennessee Code Annotated sections 50-6-101 and -237 from the date on which Employee's limitations period began to run. Section 50-6-101 provides that "[t]his chapter . . . shall be controlling . . . when the *date of injury* is on or after July 1, 2014." (Emphasis added.) Section 50-6-237 provides that "the court of workers' compensation claims . . . shall have original and exclusive jurisdiction over all contested claims . . . when the *date of the alleged injury* is on or after July 1, 2014." (Emphasis added.)

Before addressing the merits of this appeal, we emphasize that the determination of the date of injury is a separate and distinct issue from the determination of when an employee's statute of limitations begins to run. *See, e.g.*, *Ward v. Nissan Motor Mfg. Co.*, No. 01S01-9204-CH-00054, 1992 Tenn. LEXIS 712, at *6 (Tenn. Workers' Comp. Panel Nov. 30, 1992) (distinguishing between the date of injury and the date of discovery of an injury). Moreover, the determination of the date of injury is a threshold issue in this case because it dictates whether the Court of Workers' Compensation Claims can exercise subject matter jurisdiction. It is well established that questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it. . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963). Thus, the parties cannot confer subject matter

jurisdiction on a court by "appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

*Definitions of "Injury" and "Mental Injury"*

Tennessee Code Annotated section 50-6-102(14) (2019) defines "injury" and identifies four types of injuries or conditions that can be compensable under Tennessee's Workers' Compensation Law: (1) injuries by accident; (2) mental injuries; (3) occupational diseases; and (4) cumulative trauma conditions. The statute clarifies when an injury is considered "accidental," *see* Tennessee Code Annotated section 50-6102(14)(A), but, of the four types of injuries or conditions identified above, only "mental injury" is separately defined:

> "Mental injury" means a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities.

Tenn. Code Ann. § 50-6-102(17).[2] Hence, since at least 2002, the legislature has recognized two types of mental injuries: those arising primarily out of a compensable physical injury and those arising primarily out of an identifiable work-related event resulting in a sudden or unusual stimulus. Employee's claim in the instant case involves the latter of those two categories of mental injuries.

Neither the statutory provisions defining "injury" nor the provisions defining "mental injury" articulates a method for identifying the date a mental injury occurs. Thus, in interpreting the statutory language in the context of the issues raised in this appeal, we must consider how to identify the date of injury in a mental injury claim for purposes of conferring subject matter jurisdiction, an issue not heretofore addressed by us or the Tennessee Supreme Court. In doing so, we must also consider precedent addressing date-of-injury issues in other kinds of cases, including cases involving injuries by accident, cumulative trauma conditions, and occupational diseases, and determine

---

[2] Prior to July 1, 2014, the Workers' Compensation Law contained a separate section defining "occupational diseases," *see* Tennessee Code Annotated section 50-6-301 (2013), but that section was deleted in its entirety by the 2013 Workers' Compensation Reform Act. "Mental injury" was first statutorily defined in 2002. *See* Tenn. Code Ann. § 50-6-102 (2002) (A mental injury is "a loss of mental faculties or a mental and/or behavioral disorder where the proximate cause is a compensable physical injury . . . or an identifiable work-related event resulting in a sudden or unusual mental stimulus.").

whether those cases are controlling or persuasive in the context of determining the date of a mental injury.

*Injuries by Accident*

Tennessee's Workers' Compensation Law does not define the phrase "date of injury." However, in the context of an injury by accident, section 50-6-102(14)(A) provides that the injury must be "caused by a specific incident, or set of incidents, . . . identifiable by time and place of occurrence." In cases in which an employee experiences an "injury by accident," the accident and the injury typically occur contemporaneously or close in time. *See, e.g., Joiner v. UPS*, No. M2018-01876-SC-R3WC, 2019 Tenn. LEXIS 522 (Tenn. Workers' Comp. Panel Dec. 6, 2019) (The employee's "date of injury" was the date he felt pain and tingling in his cervical spine after lifting a mailbag at work.); *Johnson v. Stanley Convergent Sec. Sys.*, No. 2016-080656, 2017 TN Wrk. Comp. App. Bd. LEXIS 44, at *9 (Tenn. Workers' Comp. App. Bd. Aug. 3, 2017) ("An employee who suffers an acute work injury . . . cannot toll the statute of limitations by claiming he or she was unaware of the full extent of the resulting injury."); *Zurich-American Ins. Co. v. Kent*, No. M1998-00886-SC-WCM-CV, 2000 Tenn. LEXIS 313, at *7-8 (Tenn. Workers' Comp. Panel June 13, 2000) ("The underlying practical reason for insisting on a definite date of the accident is that a number of important questions cannot be answered unless a date is fixed.").

In *Arnold v. Courtyard Management Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648 (Tenn. Workers' Comp. Panel Sept. 28, 2016), the employee alleged she injured her neck on August 18, 2012, while scraping and caulking a tub. *Id.* at *2. The employer paid some workers' compensation benefits but last paid a medical bill on April 29, 2013. *Id.* at *6. Thereafter, the employee filed a claim for benefits on May 7, 2014. *Id.* at *4. In response to the employer's motion for summary judgment asserting the employee's claim was not timely, the employee argued she had not reached maximum medical improvement, and thus did not know the full extent of her injury, until less than one year prior to the filing of her claim. *Id.* at *6. In reversing the trial court's denial of the employer's motion for summary judgment, the Supreme Court's Special Workers' Compensation Appeals Panel rejected an application of the discovery rule in circumstances where an employee has suffered an acute injury at work. *Id.* at *9. The Panel explained that earlier decisions applying the discovery rule were "not relevant to the case before us." *Id. See also Mumpower v. City of Erwin*, No. E2000-00698-WCR3-CV, 2001 Tenn. LEXIS 14, at *3 (Tenn. Workers' Comp. Panel Jan. 4, 2001) (The fact that six years after the work injury the employee received information indicating the injury was "worse than originally believed" did not serve to extend the operation of the statute of limitations.).

In *Smiley v. Four Seasons Coach Leasing, Inc.*, Nos. 2016-06-0104 & -0105, 2016 TN Wrk. Comp. App. Bd. LEXIS 28 (Tenn. Workers' Comp. App. Bd. July 15, 2016), the employee, a coach driver, alleged he suffered a back injury over the course of nineteen days while operating a tour bus. *Id.* at *6. In response to the employer's argument that the employee had failed to identify an acute "injury by accident," identifiable by time and place of occurrence, we responded, "to establish a compensable injury by accident, an employee need not prove a single, sudden event accompanied by the immediate onset of pain or other symptoms, but can meet his or her burden . . . by presenting evidence [of] . . . a compensable set of incidents over an identifiable period of time." *Id.* at *22.

Recently, in *Coates v. Tyson Foods, Inc.*, No. W2019-00904-SC-R3-WC, 2020 Tenn. LEXIS 281 (Tenn. Workers' Comp. Panel July 28, 2020), the Appeals Panel addressed a case in which the employee alleged injuries to both elbows while using a sledgehammer at work in June 2013. *Id.* at *3. In November 2014, more than one year after he first reported his condition to a supervisor, he filled out an injury report. *Id.* Thereafter, he was referred to an orthopedic surgeon who recommended surgery. *Id.* After being unable to resolve his claim through the benefit review conference process, he filed a complaint in the Chancery Court of Obion County pursuant to pre-2013 Reform Act law. *Id.* at *2.

Although the crux of the case hinged on a statute of limitations issue, the Appeals Panel noted distinctions between pre-2013 Reform Act cases and post-reform cases. Specifically, the Panel noted that the employee first complained of symptoms in June 2013, which was prior to the effective date of the 2013 Reform Act, but completed an accident report in November 2014 and filed a request for a benefit review conference in June 2015, both of which occurred after the 2013 Reform Act became effective. Nevertheless, the Appeals Panel noted that "for this injury *occurring prior to July 1, 2014*, the workers' compensation law is remedial in nature and must be given a liberal and equitable construction in favor of the employee." *Id.* at *13 (quoting *Cantrell v. Carrier Corp.*, 193 S.W.3d 467, 472 (Tenn. 2006)) (emphasis added). Thus, regardless of the date on which the employee subjectively "discovered" he had a claim, the court relied on the date of the accident precipitating his condition to identify the date of injury. In sum, in those cases where the employee alleges an "injury by accident," the date of injury has consistently been identified as the date of the work incident precipitating the injury regardless of when the employee became aware of the injury.

*Cumulative Trauma Injuries*

Over the last several decades, courts have struggled to identify the date of injury in cases where there is no sudden accident resulting in the contemporaneous manifestation

of an injury. For example, in *Building Materials Corp. v. Britt*, 211 S.W.3d 706 (Tenn. 2007), the employee claimed he suffered a gradual injury to his low back. In analyzing the date-of-injury issue, the Tennessee Supreme Court explained, "[i]n the case of a gradually occurring injury, the last-day-worked rule is used to help identify a date on which the injury occurred." *Id.* at 711. The Court considered cases from other jurisdictions and concluded that "the date of injury for a gradually occurring injury is the last day worked." *Id.* at 712 (citing *Lawson v. Lear Seating Corp.*, 944 S.W.2d 340, 34142 (Tenn. 1997)).[3]

However, in *Hix v. TRW, Inc.*, M2007-02822-WC-R3-WC, 2009 Tenn. LEXIS 285 (Tenn. Workers' Comp. Panel June 12, 2009), a hearing loss case, the Appeals Panel considered whether the "last day worked" rule dictated the identification of the date of injury in every gradual injury case. Specifically, the Panel explained the issue as follows:

> [T]he question before this panel is whether the "last day worked" rule should be applied where the evidence clearly establishes a date prior to the last day worked where injurious exposure ceased, the testimony clearly establishes that no further deterioration of the employee's condition occurred as a result of a workplace injury after the last day of injurious exposure, and the employee ceased working for the employer for reasons unrelated to the workplace injury.

*Id.* at *17-18. The Appeals Panel concluded that the date of injury is "the last day the employee was exposed to the work activity that caused the injury," which may not be the last day worked. *Id.* at *19 (quoting *Barnett v. Earthworks Unlimited, Inc.*, 197 S.W.3d 716, 721-22 (Tenn. 2006)).[4] *See also Buckingham v. Fid. & Guar. Ins. Co.*, No. M200601587-WC-R3-WC, 2007 Tenn. LEXIS 910, at *13 (Tenn. Workers' Comp. Panel Oct. 25, 2007) (In a carpal tunnel syndrome case, the Appeals Panel noted that the Supreme Court had "squarely declined to adopt . . . the date the injury manifests itself as the date of injury," looking instead to the date the employee last engaged in the work

---

[3] In *Britt*, the Tennessee Supreme Court overruled in part its earlier decision in *Bone v. Saturn Corp.*, 148 S.W.3d 69 (Tenn. 2004), where the Court had applied an alternative rule for determining the date of injury in gradual injury cases. *Britt*, 211 S.W.3d at 708-09. In so holding, the Court noted that "[t]he last-day-worked rule is consistent with the requirement that we liberally construe the Workers' Compensation Law in order to secure benefits for injured workers." *Id.* at 713.

[4] Following the Appeals Panel's release of its opinion in *Hix*, the employer filed a motion for the full Tennessee Supreme Court to review the Panel's opinion. The Supreme Court denied the motion and adopted the Appeals Panel's opinion as its own. *Hix v. TRW, Inc.*, No. M2007-02822-SC-WCM-WC, 2009 Tenn. LEXIS 290 (Tenn. June 12, 2009).

activity causing the injury.) Thus, in cumulative trauma cases, in which the employee's condition is considered a "new injury each day at work," *see Barnett*, 197 S.W.3d at 721, a court may determine the date of injury by considering the last day worked or the date the employee was last exposed to the work activity that caused the injury.

## *Mental Injuries*

Next, we must consider whether there is any precedent recognizing a gradually occurring mental injury in this state. In *Goodloe v. State*, 36 S.W.3d 62 (Tenn. 2001), the employee alleged she purposely took an overdose of anxiety medication after being told she was likely to lose her job. *Id.* at 64. She also asserted that she suffered from severe depression caused by work-related stress. *Id.* at 67. In affirming the finding of the Claims Commission rejecting the employee's claim for a mental injury, the Supreme Court explained as follows:

> Before concluding, we address the employee's assertion that some jurisdictions have adopted the rule that mental injuries caused by gradual or cumulative work-related stress are compensable and that we should as well. . . . [T]he settled rule in this state is that injuries are generally compensable *as accidental injuries* when they are precipitated by physical exertion or strain *or a specific incident or series of incidents involving mental or emotional stress of an unusual or abnormal nature*. Moreover, this Court has previously considered and rejected a pure gradual stress approach due to a concern over experiencing a dramatic increase in mental stress claims like that seen in other jurisdictions that have adopted the theory. The concern previously expressed by this Court over eliminating the requirement that the stressful, work-related event be something beyond the usual stress encountered in the work place remains today. Accordingly, we decline the opportunity to change established law by recognizing the compensability of mental injuries caused by gradual or cumulative work-related stress which is not abnormal or unusual in nature.

*Id.* (emphasis added) (internal quotation marks and citations omitted). Hence, prior to 2002, when the legislature defined "mental injury," the Supreme Court treated mental injury claims as "accidental injuries" and rejected those caused by gradual or cumulative work-related stress.[5]

---

[5] *Goodloe* was decided before the General Assembly added a definition of "mental injury" to the Workers' Compensation Law in 2002. This amendment codified the holding of *Goodloe* to the extent the

- 11 -

In *Pressley v. State*, No. E2003-01133-WC-R3-CV, 2004 Tenn. LEXIS 27 (Tenn. Workers' Comp. Panel Jan. 14, 2004), cited by Employee in support of her position, the plaintiff, a state trooper, asserted she suffered from a mental injury caused by three specific events that occurred over a two-year period. *Id.* at *2. Following these three events, the employee was diagnosed with severe depression and rendered unable to work. *Id.* at *3-4. At the trial level, her claim for workers' compensation benefits was denied because the Claims Commissioner determined her condition was caused by workplace stress like that of others in the same or a similar position. *Id.* at *7. On appeal, the Appeals Panel reversed, noting that the "several specific events" alleged by the employee were "unusual and extraordinary." *Id.* at *13. The Panel did not, however, conclude the employee was suffering from a gradual mental injury, but instead stated that these events "produced a mental stimulus of shock and unexpected anxiety." *Id.*

Although the issue in *Pressley* did not hinge on identifying the date of injury, certain aspects of the Panel's findings are relevant to our analysis in the present case. In rejecting the argument that the employee's mental condition arose gradually from typical work stress and was not caused by any "sudden, acute, or unexpected mental stimulus," the Appeals Panel concluded that "all of the evidence in this action confines the origin of the employee's present mental condition to follow the specific events in question." *Id.* at *11-12. The Panel then explained, "the mere fact the employee relies on several unique and specific events does not make the claim a gradual non-compensable injury." *Id.* at *12. Thus, while separate, identifiable work-related events resulting in a sudden or unusual stimulus can form the basis of a mental injury claim, a "gradual" or cumulative mental injury claim has not been recognized as viable under Tennessee's Workers' Compensation Law.

In the present case, it is important to distinguish between a gradual injury, which has been described by Tennessee courts as a "new injury each day at work," *see Barnett*, 197 S.W.3d at 721, and the gradual worsening of symptoms caused by a sudden or unusual mental stimulus. The former involves repeated exposure to injurious conditions or circumstances over some period of time, resulting in a new injury every day of the exposure, while the latter involves a single incident or set of incidents causing a mental injury, the symptoms of which may worsen over time. In consideration of the gradual injury cases discussed above, we conclude the rationale for applying a pre-2013 Reform Act doctrine specific to gradual injury claims, i.e. the "last day worked rule," to mental injury claims is not supported by Tennessee case law or the 2013 Reform Act. Instead, the applicable statutory definition provides that a mental injury is one "arising primarily

definition required proof of a "sudden or unusual stimulus," and not merely cumulative work-related stress, in cases where there is no compensable physical injury. Tenn. Code Ann. § 50-6-102(15) (2002).

out of a compensable physical injury or an identifiable work-related event [or events] resulting in a sudden or unusual stimulus." Tenn. Code Ann. § 50-6-102(17).

### Occupational Disease Claims

As noted above, with the adoption of the 2013 Workers' Compensation Reform Act, the legislature removed section 50-6-301, which defined the term "occupational diseases." However, other sections of the statute governing occupational disease claims remain. Notably, section 50-6-303 provides that "the partial or total incapacity for work or the death of an employee resulting from an occupational disease . . . shall be treated as the happening of an injury by accident or death by accident." Tenn. Code Ann. § 50-6303(a)(1) (2019). Thus, the general assembly has provided specific guidance regarding how to identify the date of injury in occupational disease claims. In non-death cases, it is the date of the partial or total incapacity for work due to an occupational disease. *Id.*

The Supreme Court's Special Workers' Compensation Panel addressed the date-of-injury issue in an occupational disease claim in *Lively ex rel. Lively v. Union Carbide Corp.*, No. E2012-02136-WC-R3-WC, 2013 Tenn. LEXIS 642 (Tenn. Workers' Comp. Panel Aug. 13, 2013). There, the deceased employee's dependent pursued death benefits as a claim separate and apart from her deceased spouse's prior settlement for the same occupational disease. *Id.* at *1-2. The Court addressed the date-of-injury issue as follows:

> Parenthetically, the parties appear to have operated, at least briefly, under the erroneous assumption that the date of injury in an occupational disease case should be the date that the employee is diagnosed with the disease. As stated, the primary statute governing occupational disease cases provides that the "happening of an injury" occurs either by the partial or total incapacity for work or death; there is no mention of the date of diagnosis as an option for determining the date of injury. In contrast, the statute of limitations for filing a claim based on an occupational disease is not triggered without "[f]irst, an incapacity for work; [and s]econd, either actual or constructive knowledge an occupational disease is the cause of the incapacity for work." In consequence, *while the date of diagnosis in an occupational disease is relevant insofar as the statute of limitations is concerned, it has no effect on the date of injury, which is determined by either incapacity for work or the event of death.*

*Id.* at \*26-28 (emphasis added) (citation omitted); *see also Shuler v. Eastman Chem. Co.,* E2016-02292-SC-R3-WC, 2017 Tenn. LEXIS 721 (Tenn. Workers' Comp. Panel Nov. 17, 2017) (Where the employee's last injurious exposure to workplace chemicals occurred in 1999, but he became disabled from working in 2015, section 50-6-303 defined the date of injury as occurring in 2015 and deprived the circuit court of jurisdiction.).

Thus, in the context of occupational disease cases, the Appeals Panel has made clear that the analysis for determining the date a statute of limitations is triggered is *not the same* as the analysis for determining the date of injury. We find no reason to depart from this rationale. While the date Employee subjectively believed she suffered from a work-related mental disorder, or the date she was diagnosed with such a mental disorder, may be relevant for purposes of applying the discovery rule in addressing the statute of limitations, it does not control the determination of the date of injury.

*Date of Injury in Mental Injury Claims*

Having carefully considered the law relevant to determining the date of injury in various cases, as well as the briefs and arguments of counsel, we find no basis in the plain language of the statute or the case law discussing mental injuries to conclude a mental injury claim can be treated as a gradual or cumulative injury, as was suggested by the trial court. Therefore, we conclude the "last day worked rule" is not the appropriate principle to apply to identify the date of injury in a mental injury claim. Moreover, we find no basis in the statutes to treat the date of injury in mental injury claims in the same manner as the date of injury in occupational disease cases given that the Workers' Compensation Law contains a provision explaining how to identify the date of injury in occupational disease cases, but contains no similar language with respect to mental injury claims.

Thus, in light of our determinations above, we conclude it is not germane to the issue of subject matter jurisdiction that the trial court considered whether Employee's mental injury was "cumulative." Moreover, we do not find the trial court's discussion of the discovery rule, and its conclusion that the evidence "creates genuine issues on facts material to its application of the discovery rule in the assessment of subject matter jurisdiction" as being determinative in identifying the date of Employee's alleged mental injury.

Employee urges us to conclude the "subjective manifestation date of Employee's 'loss of mental faculties or mental or behavioral disorder,' rather than the work-related events precipitating the stimuli, controls for purposes of establishing subject matter jurisdiction." In essence, Employee argues that an employee suffers a mental injury

- 14 -

when the employee *knows* he or she has suffered a mental injury, and that it is this subjective conclusion that determines the date of the injury for jurisdictional purposes. However, Employee does not cite, and we cannot locate, any case supporting such a proposition. We are unpersuaded by Employee's argument.[6]

Instead, we return to the language of sections 50-6-102(14) and 50-6-102(17), which provide the only statutory guidance for defining a mental injury and identifying the date of injury in such cases. A mental injury occurs when there is "a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a physical injury or an identifiable work-related event resulting in a sudden or unusual stimulus." Tenn. Code Ann. § 50-6-102(17). In the present case, there was no physical injury alleged; thus, to determine the date of Employee's alleged mental injury, we must look to the date of the "identifiable work-related event [or events] resulting in a sudden or unusual stimulus." In this case, it is undisputed that the events that form the basis of Employee's alleged mental injury claim occurred in or before 2011, well in advance of the effective date of the 2013 Reform Act that created the Court of Workers' Compensation Claims. As provided in section 50-6-237, the Court of Workers' Compensation Claims "shall have original and exclusive jurisdiction over all contested claims . . . when the date of the alleged injury is on or after July 1, 2014." Tenn. Code Ann. § 50-6-237. Based on the undisputed facts in the present case, we conclude the "date of injury," as that term is used in Tennessee Code Annotated sections 50-6-101 and 50-6-237, occurred in or before 2011, thereby depriving the Court of Workers' Compensation Claims of subject matter jurisdiction.[7]

## Conclusion

For the foregoing reasons, we reverse the determination of the trial court and remand this case for entry of an order of dismissal based on the trial court's lack of subject matter jurisdiction. Costs on appeal are taxed to Employee.

---

[6] Although the date Employee was objectively diagnosed with a mental injury causally related to work may well impact the date Employee *discovered* her injury for purposes of the tolling of the statute of limitations, the *discovery* date does not dictate the date of injury for jurisdictional purposes.

[7] Our determination that the Court of Workers' Compensation Claims cannot exercise subject matter jurisdiction over Employee's claim renders it unnecessary for us to address whether the claim was timely filed.

- 15 -

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT KNOXVILLE

## ANGIE VARNER NICKERSON v. KNOX COUNTY, TENNESSEE

**[TrialCourt] for Court of Workers' Compensation Claims County**
**No. 2019-03-0559**

---

**No. E2020-01286-SC-R3-WC**

---

FILED

JUN 0 8 2021

Clerk of the Appellate Courts
Rec'd by_____

## JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are taxed to Angela Varner Nickerson, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM