**FILED**
**Apr 08, 2025**
**09:47 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JIAN DI YAN,** | ) | **Docket No. 2022-06-0825** |
| **Claimant,** | ) | |
| **v.** | ) | **State File No. 83229-2018** |
| **NENG YUAN LAN d/b/a CHINA** | ) | |
| **KING,** | ) | **Judge Joshua D. Baker** |
| **Respondent.** | ) | |

---

## COMPENSATION ORDER

---

At a March 27, 2025 compensation hearing, the parties disputed whether Mr. Yan suffered a work-related injury. After the close of Mr. Yan's proof, China King moved for involuntary dismissal, arguing he failed to prove he suffered a disabling work injury. The Court finds that Mr. Yan failed to prove he suffered a disabling work injury and grants the motion for involuntary dismissal.

### History of Claim

Mr. Lan alleged he hurt himself while working for China King. At an expedited hearing, the Court denied his request for benefits for lack of proof. The parties attended several status conferences before a final scheduling hearing.

In the final scheduling order, the Court ordered the parties to file a list of exhibits for trial by March 13, 2025. Mr. Yan did not file a list of proposed exhibits or identify any previously filed documentation as exhibits. Instead, he filed four audio recordings of purported phone conversations where Mr. Lan allegedly discussed taking him to the hospital and asking him to report to work.

At trial, the Court did not pre-mark any exhibits, instead instructing both sides to introduce them through testimony. Mr. Yan did not introduce any exhibits and notably no medical evidence. He offered only his testimony and that of a mutual friend, Liu Jing Fang.

1

In their testimony, Mr. Yan said he burned his right foot with hot oil during dinner service on May 25, 2022, and that Mr. Lan closed the restaurant to take him to the hospital the next day. Mr. Fang testified that he could remember Mr. Yan being injured. He also recalled asking why Mr. Yan had not gone to the hospital by ambulance for treatment immediately instead of waiting until the next day.

At the close of Mr. Yan's proof, China King moved for involuntary dismissal under Rule 41.02(2) of the Tennessee Rules of Civil Procedure, arguing Mr. Yan had failed to prove a work-related injury, as he submitted no medical evidence.

**Findings of Fact and Conclusions of Law**

At a compensation hearing, Mr. Yan must show by a preponderance of the evidence that he is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

To prevail, Mr. Yan must prove he suffered a disabling work injury necessitating medical treatment. An injury causes "disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%)" in causing disablement or the need for treatment. § 50-6-102(12)(C). Proving disablement or a need for treatment "to a reasonable degree of medical certainty" requires a physician's opinion. § 50-6-102(12)(D). Mr. Yan did not introduce a physician's opinion.

If Mr. Yan fails to carry this burden, China King can, as it did here, ask the Court to dismiss the case without offering proof.

Tennessee Rule of Civil Procedure 41.02(2) governs the involuntary dismissal process: after "the plaintiff in an action tried by the court without a jury has completed presentation of plaintiff's evidence, the defendant . . . may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." When the "plaintiff's case has not been established by a preponderance of the evidence, then the case should be dismissed if the plaintiff has shown no right to relief on the facts found and the applicable law." *Bldg. Materials Corp. v. Britt*, 211 S.W.3d 706, 711 (Tenn. 2007).

Without a physician's opinion, Mr. Yan did not prove his claim. Therefore, the Court grants China King's motion for involuntary dismissal, as Mr. Yan has not shown a right to relief on these facts and applicable law.

**IT IS, THEREFORE, ORDERED** as follows:

1. This claim is dismissed with prejudice to its refiling.
2. The Court assesses the $150.00 filing fee to China King, to be paid to the Court

Clerk and for which execution shall issue as necessary.

3. Unless appealed, this order shall become final 30 days after issuance.

4. China King shall file the SD-2 form with the Court Clerk within ten business days of this Order becoming final.

**ENTERED April 8, 2025.**

_____

**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as shown on April 8, 2025.

| Name | Cert. Mail | First Class Mail | Email | Service Sent To: |
|---|---|---|---|---|
| Jian Di Yan, Employee | | | X | 450692677@qq.com |
| Joe Weyant, China King's Attorney | | | X | jweyantesq@gmail.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*